528 So.2d 34 (1988)
John Berry DAVIS, Appellant,
v.
Wanda D. DAVIS, Appellee.
No. 87-1962.
District Court of Appeal of Florida, Fifth District.
June 9, 1988.
Rehearing Denied July 13, 1988.
*35 John S. Plummer of Gurney & Handley, P.A., Orlando, for appellant.
Marcia K. Lippincott, Orlando, for appellee.
DAUKSCH, Judge.
This is an appeal from an order in a marriage dissolution case. The order denies the appellant's petition for modification. Based upon the record and argument before us we cannot disagree with any of the findings and rulings of the trial judge, save one. While implicitly finding the husband unable to pay the requisite alimony the court did not order cessation of those payments but that "The payment of alimony is abated at this time. The arrearages will continue to accumulate without interest and may be reduced to a judgment." Inherent in this portion of the order are various problems. Because appellant is presently unable to pay the support alimony he should be relieved of the obligation. To cause him to go deeper and deeper and deeper in debt, as the months of his inability to pay the $1,383.33 per month support continue, potentially puts him in a hole from which he could never be extricated, save a win at the lottery or other bonanza. Not only that, under this judgment scheme even his estate would be lessened by the support alimony judgment; a very effective tool for involuntary disinheritance. When an inability to pay support alimony arises the only proper thing to do is suspend payments until the ability is restored. Of course, if the court finds the inability to pay is a result of intentional refusal to work or other wilfully created inability then no suspension of the support obligation should be allowed. That is not this case.
The order is affirmed in all respects except that the order of abatement of support alimony payments is changed to a suspension of those payments, until further order of the trial court, if any. Should appellant become able to make those payments, in whole or in part, in the future, then appellee can petition the court for a modification to cause the resumption of payments.
AFFIRMED as modified.
SHARP, C.J., and ORFINGER, J., concur.