579 So.2d 142 (1991)
Maria CIMITIER, As Guardian of the Person and Property of Fermin Cimitier, Deceased, Appellant,
v.
Lus Landa CIMITIER, Appellee.
No. 89-2943.
District Court of Appeal of Florida, Third District.
March 26, 1991.
Rehearing Denied June 13, 1991.
*143 Harvey D. Rogers, Miami, for appellant.
Elizabeth S. Baker, South Miami, and Nancy B. Lucas, Miami, for appellee.
Before NESBITT, JORGENSON and GERSTEN, JJ.

CORRECTED OPINION
NESBITT, Judge.
Upon considering the appellant's motion for rehearing filed herein, we withdraw our opinion filed February 5, 1991 and substitute therefor the following:
Maria Cimitier, as the current wife and guardian of Fermin Cimitier, claims the trial court abused its discretion in denying her motion to terminate his child support obligation and in ordering him to transfer his fifty per cent interest in the former marital home to his previous wife, appellee, Lus Landa Cimitier, in part to satisfy child support arrearage and in part to secure future child support payments. We affirm.
A 1978 property agreement was entered into by Fermin Cimitier and appellee and incorporated into the parties' 1980 final judgment of dissolution of marriage. The agreement provided that Mr. Cimitier would make certain child support payments until the youngest of the couple's five children reached age eighteen in 1995 or was emancipated. Two minor children, ages twelve and sixteen, still reside with appellee in the former marital home.
In July 1988, after Mr. Cimitier had suffered a debilitating stroke, his current wife, acting on his behalf, filed a petition for termination of support payments on the basis of changed circumstances: he had suffered a stroke and was permanently unable to work. All support payments had stopped as of the time of the stroke. Shortly thereafter, appellee filed motions to enforce the support obligation.
Appellee estimated her monthly expenses to be approximately $1,150 with a monthly income of $650 from welfare and social security. As a result of his stroke, Mr. Cimitier's income dropped to $774 monthly; his current wife's monthly income was *144 $550. Appellee estimated his justifiable expenses to be $600 monthly.
The trial court found Mr. Cimitier to be permanently incapacitated but having income and assets from his interest in real estate sufficient to pay the support obligation. The court ordered costs and fees be paid out of his assets and ordered that he transfer his interest in the former marital home to appellee in trust for the support needs of the minor children. By the time the trial court's order reached this court, Mr. Cimitier had died intestate. Nonetheless, we address this case in its posture at the time the trial court entered its order.
As to the motion for the termination of Mr. Cimitier's child support obligation, trial courts are to look to all available assets in determining whether an individual has the ability to pay support. Bowen v. Bowen, 471 So.2d 1274, 1279 (Fla. 1985). A substantial decrease in the parent's earnings does not in all circumstances require a reduction in support payments. See Simpson v. Simpson, 63 So.2d 764 (Fla. 1953); Dixon v. Moody, 352 So.2d 950 (Fla. 1st DCA 1977) (trial judge may consider all assets regardless of source when awarding or modifying support). Support contracts consistent with the best interests of the minor children will be enforced. Essex v. Ayres, 503 So.2d 1365 (Fla. 3d DCA 1987).
At the time the trial court denied the petition to terminate support, both parties were in the most desperate of financial straits. Appellee's income was sufficient to meet only one-half the monthly expense of maintaining a home for the two minor children. Mr. Cimitier's income had dropped significantly after the onset of his incapacity. However, taking appellee's estimation of expenses as correct, Mr. Cimitier's income still surpassed his monthly expenses. Under these circumstances, we cannot say the court's refusal to relieve him of his responsibility to his children while there was still an asset from which to draw funds was an abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
As to the ordered transfer of Mr. Cimitier's fifty per cent interest in the home, by the time of the denial of the termination petition, Mr. Cimitier, acting in direct violation of the final judgment of dissolution, had failed to pay seventeen months of support at $600 per month, or $10,200. Appellee was entitled to payment of that sum. See Onley v. Onley, 540 So.2d 880 (Fla. 3d DCA 1989); Petrucci v. Petrucci, 252 So.2d 867 (Fla. 3d DCA 1971); Goff v. Goff, 151 So.2d 294 (Fla. 3d DCA 1963). The court may order the sequestration of property and the application of proceeds to discharge such support obligations. Frell v. Frell, 162 So.2d 293 (Fla. 3d DCA 1964); Garland v. Garland, 118 So.2d 52 (Fla. 3d DCA 1960). Mr. Cimitier's interest in the home was valued at $15,000. Accordingly, the trial judge acted within his discretion in ordering the transfer of Mr. Cimitier's only asset, his ownership interest in the home, for payment of the debt owed. After crediting appellee for her full claim of $10,200, the remaining issue is the proper disposition of the balance of Mr. Cimitier's interest, approximately $4,800.
The purpose, in part, of support enforcement statutes is to ensure that parents, rather than the public, bear the responsibility for support of their children while the children are minors. Gibson v. Bennett, 561 So.2d 565 (Fla. 1990). To this end, section 61.13(1), Florida Statutes (1989) states:
To the extent necessary to protect an award of child support, the court may order the obligor to purchase or maintain a life insurance policy or a bond, or to otherwise secure the child support award with any other assets which may be suitable for that purpose.
Considering that section, its purpose and effect, the parties' financial circumstances and the right of the wife and children to reside in the home for six more years, it is clear that it was within the court's authority under section 61.13(1)(c) to order the balance over arrearages be held by the wife to secure Mr. Cimitier's support obligation. See Bosem v. Bosem, 279 So.2d 863 (Fla. 1973) (trial judge was empowered *145 under section 61.13 to secure support for minor children until they reached majority); Gill v. Gill, 504 So.2d 67 (Fla. 2d DCA 1987) (assets properly sequestered for support payments which would come due during husband's incarceration). What the trial court's order should have stated was that the $4,800 balance over arrearages was to be held by Lus Landa Cimitier to secure Mr. Cimitier's child support obligations, with any surplus to be repaid to the guardian of the property for the estate of Mr. Cimitier when the youngest child reached age eighteen. By this clarification, the court's order will provide security for the children's support rather than an order for the payment of future support.
Under these circumstances, we find that the trial court's order, when clarified as outlined above, is in accordance with Florida case law and the authority granted the trial judge under section 61.13(1)(c). Accordingly, the order under review is affirmed in part, but remanded for clarification.