615 So.2d 225 (1993)
Howard R. FREEMAN, Appellant,
v.
Diane A. FREEMAN, Appellee.
No. 92-959.
District Court of Appeal of Florida, Fifth District.
March 5, 1993.
Steven G. Horneffer, Casselberry, for appellant.
Marcia K. Lippincott, Orlando and David R. Miller, Daytona Beach, for appellee Freeman.
Joanna B. Garrett, of Carlton & Carlton, P.A., Lakeland, for Florida Dept. of Health and Rehabilitative Services on behalf of Diane A. Freeman.
GOSHORN, Chief Judge.
Howard Freeman appeals from the order denying his petition for modification of child support. We reverse.
Howard and Diane Freeman were divorced in December 1989. Howard was ordered to pay $900 per month, in addition to paying medical insurance premiums, for the support of one child. He was already required to pay child support of $433.33 per month for a child in Massachusetts.
Howard has been employed as a sales representative for Lane Furniture Company for the past fourteen years. He is paid on commission and must pay his own business expenses. He testified that he is basically in business for himself, so he has all the business expenses one incurs in a sole proprietorship. He drives over 40,000 miles per year to service the retailers that sell Lane products in his territory, which extends from Jacksonville to Vero Beach. Howard also attends four furniture shows in North Carolina per year.
At the time of the dissolution, Howard was earning gross commissions of $105,976.14 and had business expenses of $20,764 as reflected on his 1989 income tax return. Subsequent to the final judgment, Lane initiated chapter 11 bankruptcy proceedings. Although Howard is still employed by Lane, Howard's income has substantially decreased. He testified that he lost over $700,000 in gross sales annually and that his commissions have declined proportionately. In 1991, his gross commissions fell to $61,357.46, while his business expenses decreased by only $4,100. The fact that his business expenses for 1991 were reduced only slightly was substantiated by his business mileage records. In 1989, Howard claimed 43,940 miles versus his 1991 report of 45,780 miles.
*226 Based on this change in his income, Howard petitioned the trial court to modify his child support obligation. After a hearing on the petition, the trial judge concluded that the former husband failed to establish a substantial and permanent reduction of his income sufficient to grant the requested modification. As a result, the trial court denied Howard's petition for modification of child support.
We are mindful that the standard of review in this case is abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980). However, even after applying this standard, we conclude that a reduction of income after business deductions from $85,212.14 in 1989 to $44,755.46, a reduction of approximately 48 percent, constitutes a substantial change of circumstances entitling Howard to a reduction of his child support obligation. See Thompson v. Thompson, 402 So.2d 1220, 1221 (Fla. 5th DCA 1981) (holding that a change of 10 percent, up or down, in an obligor's disposable income could constitute a substantial change in circumstances justifying an adjustment of child support). We hasten to add that we do not fault the trial judge; the evidence in this case was not presented in a clear or logical fashion, and we were able to glean the above unrefuted facts only after many hours spent reviewing the record.
The former wife urges that even if the record demonstrates a substantial reduction of the former husband's income, this change in circumstances is not necessarily permanent. See Deatherage v. Deatherage, 395 So.2d 1169, 1170 (Fla. 5th DCA), appeal dismissed, 402 So.2d 609 (Fla. 1981) (holding that a prerequisite to modification of child support payments is a showing of substantial change of circumstances which are significant, material, involuntary, and permanent). However, we hold that in the context of child support modification, the requirement that the change of circumstances is permanent does not require a showing that the change is forever. That would be an impossible burden because no one can testify to the future; one can only speculate. Therefore, we hold that a showing of permanent change requires proof that the change is not temporary or transient, but rather encompasses an extended period of time. A showing of a substantial change in circumstances for one year or more constitutes a change of sufficient permanency to grant relief.[1]
Here, the evidence conclusively shows that the substantial reduction of Howard's commissions began in the second quarter of 1990 and continued through the fourth quarter of 1991. Accordingly, Howard is entitled to a modification of the amount he must pay for child support. Additionally, we note that if Howard's income substantially increases in the future, the former wife may apply to the circuit court for an increase in Howard's child support obligation.
REVERSED and REMANDED.
COBB and HARRIS, JJ., concur.
NOTES
[1] For clarification, we note that it is not necessary under all circumstances to require a year to elapse before a finding of permanency can be made. We can envision factual situations where a permanent change may be proved immediately.