BASKIN, Judge
(dissenting).
I would affirm the order denying Mr. Whitney’s motion for a reduction of his child-support obligation. The record does not support the majority’s decision that the trial court abused its discretion. In fact, the majority’s summary analysis fails to address the issue: Whether the trial court’s denial of the motion constituted an abuse of discretion under the evidence presented.
The parties were divorced in 1989; the final judgment of dissolution incorporated a marital settlement agreement. The agreement obligated Mr. Whitney to pay approximately $2,000 per month in child support for the parties’ two minor children. When the parties were divorced, Mr. Whitney was a certified public accountant and a partner with the accounting firm of Peat, Marwick, Main & Co., earning a $146,100 yearly salary ($12,175 monthly). Then, as now, Mr. Whitney also received income as a trust beneficiary.
After the dissolution, the firm terminated Mr. Whitney’s employment. He was hired by Brooks International, as a financial consultant, earning $88,900 a year ($7,410 monthly), and has allowed his accountant’s license to lapse.
Mr. Whitney asserts that during the time he was unemployed he was forced to incur significant credit card debt, and borrow heavily from the trusts. Mrs. Whitney alleged that Mr. Whitney was not unduly encumbered by the credit card debt, which he had been paying off, and that contrary to his assertion, he had no obligation to repay the trust, as he had never repaid any sums borrowed in the past.
Mr. Whitney owns a residence on Fisher Island which is in the process of being sold, and maintains two apartments, one in Palm Beach County, and one in Chicago, IL. He recently sold the fully paid 1989 BMW he received in the divorce proceeding and acquired and financed a new Jeep.
After conducting a full hearing, the trial court denied the motion for support reduction, concluding that while Mr. Whitney had experienced a decrease in his salary, he had not met the burden to justify a reduction in child support. The trial court applied a correct standard.
I disagree with the majority’s holding that, the trial court abused its discretion in denying the petition. “If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling should be disturbed only when his decision fails to satisfy this test of reasonableness.” Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). The trial court properly found that “[wjhile Mr. Whitney’s base salary has decreased, such decrease does not warrant a reduction in the amount of child support payable by Mr. Whitney to the Former Wife based on the evidence presented to the Court.” (e.s). In view of the facts of this case, the court’s discretionary ruling satisfies the Canakaris reasonableness test; it may not be said that the trial court’s decision is an abuse of discretion.
In considering the motion, the trial court properly looked beyond Mr. Whitney’s base salary; the court must give “due regard to the changed circumstances or the financial ability of the part[y]_” § 61.14(1), Fla.Stat. (1991). A review of Mr. Whitney’s complete financial picture demonstrates that he has not carried his heavy burden of showing a permanent, involuntary, significant and material change in circumstances. Landa v. Massie, 593 So.2d 1146, 1147 (Fla. 3d DCA), review denied, 602 So.2d 942 (Fla.1992). See Tietig v. Boggs, 602 So.2d 1250, 1251 (Fla.1992).
The husband’s base salary reduction did not foreclose his ability to pay the agreed child support. Mr. Whitney testified that he has other assets and income and has not been forced to endure any life-style adjust *277 ments.[1]
A decrease in salary does not amount to an automatic reduction in child-support obligations. “A substantial decrease in the parent’s earnings does not in all circumstances require a reduction in support payments.” Cimitier v. Cimitier, 579 So.2d 142, 144 (Fla. 3d DCA 1991). The trial court must look at all the assets available to the parent to determine the parent’s ability to pay. Cimitier, 579 So.2d at 144. The court does not abuse its discretion in failing to reduce such payments where the obligor may draw funds from retained assets. Cimitier, 579 So.2d at 144. The record shows that, at the time of trial, Mr. Whitney had substantial assets which the court could consider in denying his motion: he maintained ownership of a $470,-000 Fisher Island residence;[2] he had purchased a new car incurring monthly charges of $525;[3] and he had a net worth of approximately $20,000. See Linn v. Linn, 523 So.2d 642, 643 (Fla. 4th DCA) (“The poor management of one’s income is not the equivalent of a substantial change in circumstances sufficient to warrant a downward modification of an alimony award.”), review denied, 534 So.2d 400 (Fla.1988).
In addition, the record reflects that Mr. Whitney enjoyed access to additional income from trust funds. Clearly, the court did not find credible Mr. Whitney’s testimony that he was unable to obtain the funds in the absence of documentation. On the contrary, evidence disclosed that he has not ceased drawing funds from the trust.
Furthermore, Mr. Whitney failed to demonstrate a good faith effort in obtaining the most remunerative employment available by permitting his CPA license to lapse after leaving employment at the accounting firm. The CPA license enabled Mr. Whitney to be a partner in an accounting firm and prospective employers would undoubtedly view the license as an additional qualification.[4] In addition, the CPA license would have enabled Mr. Whitney to make attempts to acquire additional employment; i.e., preparing tax returns to supplement his income. See Robinson v. Robinson, 597 So.2d 415 (Fla. 4th DCA 1992); Conklin v. Conklin, 551 So.2d 1279 (Fla. 4th DCA 1989).
Because the record contains substantial competent evidence supporting the trial court’s order, I am unable to conclude that the court abused its discretion and would affirm.

. Mr. Whitney lives in an apartment with his girlfriend. She does not contribute to the rent.

. Mr. Whitney purchased the residence shortly after the dissolution. He contracted to sell the residence for $470,000. Although the buyers did not close timely, Mr. Whitney successfully pursued an action to compel the sale. See Bandler v. Whitney, 608 So.2d 28 (Fla. 3d DCA 1992) (affir-mance of trial court’s summary judgment ordering buyers to close on Fisher Island residence). Although Mr. Whitney's brief reflects that the property was sold, there is no record information as to the sale price.

. The husband sought reduction of child support in August 1991; he purchased the new car in May or June 1992. The purchase price of the car was $26,000. At the time of the dissolution, Mr. Whitney owned, free and clear, an almost new BMW 535. The trust had paid for the car. After the dissolution, he traded that car for two cars. He then sold those two cars, borrowed a car for a year, and then purchased the new car. It was certainly within the trial court's discretion to find that incurring $525 in car payments was a voluntary reduction in disposable income which should not justify a child-support reduction.

.Although Mr. Whitney testified that he is not an accountant, he signed his 1990 IRS return, dated September 18, 1992, which listed his occupation as accountant. Mr. Whitney, who serves as trustee for ten family trusts, has prepared the trust tax returns.