664 So.2d 33 (1995)
Geoffrey J. BENNETT, Appellant,
v.
DEPARTMENT OF REVENUE on Behalf of Hilary M. BENNETT, Appellee.
No. 95-163.
District Court of Appeal of Florida, Fifth District.
December 1, 1995.
Joan Stefanee Briggs and Garrett L. Briggs, of Adams, Briggs & Briggs, Daytona Beach, for Appellant.
Geraldyne H. Carlton of Carlton & Carlton, P.A., Lakeland, for Appellee.
*34 PETERSON, Chief Judge.
Geoffrey Bennett appeals the denial of his motion to modify or abate alimony and child support after he was discharged by his employer. We reverse.
When the parties' marriage was dissolved in a 1982 Connecticut proceeding, Bennett earned $45,800 annually and agreed to pay a combined sum of $1400 per month in alimony and child support. Although his income increased to $100,000 between 1982 and 1989, he involuntarily lost his job in 1989 and was unemployed until mid-1991. He then secured a job in New York City earning $40,000, but left that job for one paying $75,000 in Ormond Beach, Florida. That employment lasted for almost two and a half years, but he was terminated with no advance notice on March 14, 1994. He then obtained unemployment compensation of $250 per week.
The record reflects that he diligently sought employment prior to the modification hearing in September, 1994 at which time he testified that he was aware of only two possibilities for employment and expressed hope that he would be reemployed before the end of 1994. But, he had no offers yet, despite his efforts.
After the dissolution, the former wife and the parties' two children returned to their original home in the United Kingdom. The former wife has a degree in psychology, and, while she was unemployed at the time of the dissolution, she was employed at the time of the modification hearing.
A contempt hearing was held on July 20, 1994, before the hearing on Bennett's modification motion had been scheduled. In addition to being found in contempt, an arrearage was assessed in the amount of $40,000. That decision is not the subject of this appeal.
Bennett's Motion to Abate Child Support or Alternatively Reduce Child Support was heard by a special master. The circuit court approved and confirmed the master's recommendation to deny the motion because there had been no showing of a permanent reduction in income. The denial in reduction of alimony was without prejudice to Bennett to re-address the issue once he obtained full time employment. The court also noted that since the current ability to pay child support was temporarily reduced, no contempt proceedings should be filed against Bennett for a period of three months or until such time as he was able to gain employment on a permanent basis, whichever event occurred sooner.
In Freeman v. Freeman, 615 So.2d 225 (Fla. 5th DCA 1993), this court held that a showing of permanent change requires proof that the change is not temporary or transient, but rather encompasses an extended period of time. A showing of a substantial change in circumstances for one year or more constitutes a change of sufficient permanence to grant relief. Id. at 226. But it is not necessary under all circumstances to require a year to elapse before a finding of permanency can be made, since there can be factual situations where a permanent change may be proved immediately. Id. at n. 1.
Under the facts of this case, it cannot be said that the trial court abused its discretion in finding the unemployment to be temporary. Bennett admitted that he had good prospects for employment in the next several months. He had been unemployed only six months and intended to be employed by the year's end. This is not the type of circumstance envisioned by this court in Freeman as permitting a finding of permanency prior to the lapse of a year. The testimony supported the conclusion that the unemployment was likely to be temporary.
Bennett also argues that because the court ruled that no contempt proceedings could be initiated for a period of three months due to Bennett's temporary unemployment, the court should likewise have suspended his payment obligation. We agree. In Davis v. Davis, 528 So.2d 34 (Fla. 5th DCA 1988), the former husband appealed an order denying his petition for modification of alimony payments. The trial court implicitly found the former husband unable to pay the requisite alimony, ordered abatement of alimony, but permitted arrearages to continue to accumulate. This court reversed the portion of the order allowing arrearages to accrue because the appellant was presently unable *35 to pay the support. This court reasoned that to cause him to go deeper in debt, as the months of his inability to pay $1,383.33 per month support continued, would potentially place him in a hole from which he could never be extricated. Id. When an inability to pay support alimony arises, the only proper thing to do is to suspend payments until the ability is restored. Id.
There is no meaningful distinction to be made between the instant case and Davis. In the instant case, by finding that Bennett should not be subjected to contempt findings, the trial court implicitly held that Bennett lacked the present ability to pay support. Under Davis, where a party lacks the present ability to pay through no fault of his own, the party should not be subjected to the accrual of arrearages. Because Bennett's unemployment was temporary in nature, his situation did not meet the standard of a substantial change in circumstances warranting modification. However, he demonstrated that, at least temporarily, he lacked the ability to pay. While the trial court did not abuse its discretion in refusing to modify child support based on its finding that the unemployment situation was temporary, the court did err in refusing to suspend the payment obligation.
We affirm the order to the extent it rejects the modification request, but reverse for inclusion of a provision suspending the support obligation until Bennett's ability to pay is restored. The suspension shall not affect the prior adjudication of arrearages in the contempt proceeding, which Bennett does not appeal.
REVERSED IN PART; REMANDED.
DAUKSCH and ANTOON, JJ., concur.