PATTERSON, Judge.
David Renczkowski appeals from his judgment and sentence for lewd and lascivious acts in the presence of a child. He argues that the trial court erred in failing to conduct a Richardson[1] hearing on the state’s discovery violation. Renczkowski raises six additional points on appeal; however, because the first issue requires reversal, we decline to discuss the remaining issues.
After the state had. presented most of its ease, it informed defense counsel that it would call a new witness in rebuttal if Renc-zkowski testified. This new development caused the defense to reconsider having Renczkowski testify. The state’s failure to timely reveal the witness resulted in prejudice to Renczkowski because of defense counsel’s assertion in his opening remarks to the jury that Renczkowski would testify. Therefore, the trial court’s failure to conduct a Richardson hearing was not harmless error. See State v. Schopp, 653 So.2d 1016 (Fla.1995) (state must prove that there is no reasonable possibility that defendant’s trial preparation or strategy would have been different had the violation not occurred; if appellate court can determine from record that defense was procedurally prejudiced by discovery violation, error must be considered harmful). Thus, we reverse and remand for a new trial.
Reversed.
PARKER, A.C.J., and LAZZARA, J., concur.

. Richardson v. State, 246 So.2d 771 (Fla.1971).