693 So.2d 637 (1997)
Edmond ABDELLA, Appellant,
v.
Barbara ABDELLA, Appellee.
No. 96-2218.
District Court of Appeal of Florida, Third District.
April 23, 1997.
*638 Michael C. Norvell, Leesburg, for appellant.
Luis A. Fors, Miami, for appellee.
Before NESBITT, JORGENSON and GODERICH, JJ.
NESBITT, Judge.
A final judgment entered in January of 1991, ratified and incorporated a settlement agreement executed by Edmond and Barbara Abdella. The agreement provided that Mr. Abdella would pay support of $500 per month per child, for the couple's three minor children, one of whom is now emancipated. At the time the agreement was ratified, Mr. Abdella earned $65,000 a year as an executive with Coulter Electronics. When the company downsized, in June 1993, Mr. Abdella was laid off, with a lump sum payment equal to six months salary. He applied for and received unemployment benefits from June 1993 until December 1994. Subsequently, in January 1995, Mr. Abdella took a job with Automated Directories for a salary of some $300 a week. However Mr. Abdella continued making child support payments at the rate established under the original final judgment, exhausting his savings and retirement fund to do so.
Mr. Abdella then unilaterally reduced his support payments to $300 a month. Thereafter, in July 1995, he terminated his $300 a week job and moved to Lake County where he is presently job searching. He admittedly ended the latter job voluntarily, concluding he could live more economically with his present wife in a home she owns in Leesburg. Mrs. Abdella then sought accrued child support and, in September 1995, Mr. Abdella sought modification of his support obligation based on his changed circumstances. Mr. Abdella appeals the order denying modification.
Section 61.14 Florida Statutes (1995)provides in part:
Enforcement and modification of support, maintenance, or alimony agreements or orders.-
(1) When the parties enter into an agreement for payments for, or instead of, support, maintenance, or alimony, whether in connection with a proceeding for dissolution or separate maintenance or with any voluntary property settlement, or when a party is required by court order to make any payments, and the circumstances or the financial ability of either party changes or the child who is a beneficiary of an *639 agreement or court order as described herein reaches majority after the execution of the agreement or the rendition of the order, either party may apply to the circuit court of the circuit in which the parties, or either of them, resided at the date of the execution of the agreement or reside at the date of the application, or in which the agreement was executed or in which the order was rendered, for an order decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties or the child, decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order. (Emphasis added.)
It is true that a substantial decrease in a parent's earnings does not in all circumstances require a reduction in support payments. Cimitier v. Cimitier, 579 So.2d 142, 144 (Fla. 3d DCA 1991). The trial court must look at all the assets available to the parent to determine the parent's ability to pay. Id. Here, however, it was unrefuted that the father had all but exhausted his financial assets, and after the instant judgment, was left, in total, with his automobile and $1,000 in cash.
Mrs. Abdella seizes upon Mr. Abdella's voluntary decision to leave Automated Directories, his second employer, as a basis for this court to uphold the denial of his request for modification. She is correct insofar as it is true that income may be imputed where it is demonstrated that a spouse is voluntary unemployed. § 61.30(2)(b), Fla. Stat. (1995); Chapoteau v. Chapoteau, 659 So.2d 1381 (Fla. 3d DCA 1995). Voluntary unemployment or underemployment is not a basis for reducing a parent's child support obligation. Under the statutory scheme, once the trial court imputes income to the unemployed or underemployed parent, the court then determines the obligation of each parent as to the guideline amount. § 61.30(9), Fla. Stat. (1993). However, a finding of voluntary unemployment or underemployment must be supported by specific findings as to the amount of income to be imputed and the basis for determining such amount. Chapoteau, 659 So.2d at 1384; Wollschlager v. Veal, 601 So.2d 274 (Fla. 1st DCA 1992); Seilkop v. Seilkop, 575 So.2d 269 (Fla. 3d DCA 1991); Neal v. Meek, 591 So.2d 1044 (Fla. 1st DCA 1991); Lewis v. Lewis, 569 So.2d 1342 (Fla. 1st DCA 1990), review denied, 581 So.2d 165 (Fla.1991).
The subject not addressed by the trial judge nor the general master who initially heard the instant matter, was the undisputed fact that Mr. Abdella did not leave his $65,000 a year job of his own accord, but rather was terminated as the result of downsizing. The limited findings of the general master included:
B. Edmond Abdella left his last employment voluntarily and without having other employment.
F. That respondent has remarried and is now living in Leesburg, Florida, and is not presently employed but is actively seeking employment. His regularly fixed expenses are paid by his present spouse. (Emphasis added).
In other words, the findings and testimony support imputing income from the job Mr. Abdella voluntarily left, however, the continued payment of $1,000 a month was calculated based on income of $65,000 a year, and there was no evidence or findings to support imputing income from that amount. Furthermore, as stated above, the general master concluded Mr. Abdella was "actively seeking employment."
Accordingly, we reverse and remand. The trial court may make the express findings necessary to support imputing income sufficient to continue the present level of child support, or the court may modify the support amount to reflect payments the father could make if he was not voluntarily unemployed. Additionally, the court may fashion some form of temporary relief. See Manning v. Manning, 600 So.2d 1274 (Fla. 1st DCA 1992)(concluding that where reduction in income not shown to be permanent, it was nevertheless within the court's discretion to grant the former husband "emergency" or temporary relief from the obligation); see *640 also McConnell v. McConnell, 552 So.2d 237 (Fla. 1st DCA 1989). The order as it presently stands, however, is not supported by the record before us.
Reversed and remanded for further proceedings.