710 So.2d 749 (1998)
Dan D. WHETSTONE, Appellant,
v.
Cynthia G. WHETSTONE, Appellee.
No. 97-2136.
District Court of Appeal of Florida, Fourth District.
May 27, 1998.
Frank G. Cibula, Jr. of Law Offices of Frank G. Cibula, Jr., West Palm Beach, for appellant.
Curtis L. Witters of Glickman, Witters, Marell & Jamieson, West Palm Beach, for appellee.
STONE, Chief Judge.
We affirm an order temporarily staying a final judgment of dissolution. Husband argues that the trial court erred by failing to make the order retroactive to the date of the filing of his motion.
The parties divorced in 1996. The final judgment of dissolution required Husband to pay Wife $500 in alimony and $1,742 in child support each month. At that time, Husband earned approximately $72,000 a year. In January of 1997, Husband's job with the school board was eliminated. He filed a "Motion to Suspend or Reduce Alimony and Child Support," requesting a temporary change in the support obligation for three months or until he became re-employed.
The trial court was not in a position to rule on the motion until April. In its order, the *750 trial court found that Husband was making diligent efforts to obtain employment and anticipated having a job, with a comparable salary, by July 31st. The court concluded that Husband lacked the present ability to pay and was entitled to temporary relief for three months, including May, June, and July. The court denied Husband's request to make the relief retroactive.
The trial court did not abuse its discretion by not retroactively suspending and reducing support. See Pedraja v. Garcia, 667 So.2d 461, 462 (Fla. 4th DCA 1996) ("It is a very basic appellate truism that temporary relief awards are among the areas where trial judges have the very broadest discretion, which appellate courts are very reluctant to interfere with except under the most compelling of circumstances."). We also recognize that it is not an abuse of discretion to grant temporary relief based on a temporary change in circumstances. See Pitts v. Pitts, 626 So.2d 278 (Fla. 1st DCA 1993); Manning v. Manning, 600 So.2d 1274 (Fla. 1st DCA 1992); McConnell v. McConnell, 552 So.2d 237 (Fla. 1st DCA 1989); Abdella v. Abdella, 693 So.2d 637 (Fla. 3d DCA 1997); Bain v. Bain, 687 So.2d 79 (Fla. 5th DCA 1997); Bennett v. Department of Rev., 664 So.2d 33 (Fla. 5th DCA 1995). This type of relief differs from a permanent modification, which requires the showing of a permanent change in circumstances. See Pimm v. Pimm, 601 So.2d 534, 536 (Fla. 1992).
GROSS, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.