PETERSON, Judge.
The former husband, an attorney himself, appeals the trial court’s award of attorney’s fees to the former wife. -The former wife cross-appeals the adequacy of this award, as well as the reduction of the former husband’s child support obligation. We reverse the award of attorney’s fees and affirm the reduction of the child support obligation.
Upon- the dissolution of their marriage in 1990, the parties, pursuant to a marital settlement agreement, agreed that the former wife would have primary custody of the parties’ child and that She could move from Florida to Ohio. Shared parental responsibility was agreed- upon with liberal visitation rights provided to the husband.
Seven months’ after the dissolution, visitation problem's began. The former husband sought to take the child to Indiana for a week to visit with the child’s paternal grandparents, but the former wife objected, saying visitation was only allowed ’in Florida and that the grandparents could travel there. The former wife’s attempt to obtain a protective order to disallow the visit was denied. When visitation problems continued, the parties supplemented the marital agreement with additional provisions regarding visitation arrangements.
The detailed supplement failed to solve the visitation problems, however, and the former husband petitioned to obtain primary parental and residential responsibility for the child.[1] A guardian ad litem was appointed by the court and the guardian recommended that the former husband’s petition be granted because the former wife and her new husband had frustrated visitation and were unwilling to encourage and foster the former husband’s relationship with the child. The former wife filed a grievance with the Florida Bar against the guardian ad litem and hired an attorney to testify as an expert against him. She also filed motions to terminate the guardian’s services and to strike his report and recommendations. Finally, she counter-petitioned for sole eustody of the child.
*308 After a two day trial, the trial court entered an order stating in part:
The Court finds this case has doubtless exacerbated a difficult relationship. It is impossible for this Court to make the parties amicable. It is not even evident how any further orders can be entered that will make custody and visitation better, rather than worse. Therefore, the Father’s Petition for Modification of the Final Judgment of Dissolution of Marriage for transfer of primary residential responsibility is denied. Likewise, the Mother’s Counter-Petition for sole parental responsibility is denied.
The Court is concerned about the difficulties the Former Husband has had exercising his visitation with and access to the parties’ minor child and hopes it will be helpful to modify and provide a high level of definition and structure to the visitation schedule and the parameters of shared parenting in order to insure consistency in the relationship between the child and the Former Husband.
Both parties appealed this order but later dismissed their -appeals after agreeing to a modification of the order that again more precisely defined certain aspects of visitation.
Another two day hearing took place to hear evidence regarding the issue of the former wife’s entitlement to attorney’s fees. Incredibly, the former wife incurred attorney’s fees of- $87,423.75, and costs of $37,-152.94, for a total of $124,576.69. It is not surprising that both sides testified that the litigation was financially devastating to them. The issue was concluded with an award of $35,000 to the former wife for fees and costs and a reduction of child support from $550 to $500 per month.
THE ATTORNEY’S FEE AWARD
In Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997), our supreme court articulated the factors to be considered in awarding attorneys’ fees in modification proceedings:
[The] financial resources of the parties are the primary factor to be considered. However, other relevant circumstances to be considered include factors such as the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall);. and the existence and course of prior pending litigation.
The record shows that the financial resources of two households, that of the Newnums and the Webers, have been depleted due to this protracted litigation surrounding the parties’ minor son. Assuming that the former wife has adequately shown her need for an award of attorney’s fees and costs, there is no evidence to show the former husband has the ability to pay such an award. At one time the former husband’s salary may have been considerably more, but he has since been terminated from that employment and at the time of the hearing on attorney’s fees, the former husband had established a law practice that had not yet reached profitability. The former husband’s most current financial affidavit (reflecting averages for the years 1994-1996), indicated a monthly deficit of over $2,400. In addition, his assets' barely exceed his liabilities. The trial court abused its discretion in awarding the fees and costs to the former wife because there is no competent substantial evidence to support a determination that the former husband has the ability to pay.
In a supplement to the final judgment, the trial court found that the former husband had the “earning ability” to pay “[b]ased on his history and prospects.” A trial court, however, abuses its discretion in basing an award of attorney’s fees and costs on future financial prospects rather than on a current ability to pay. See Mathis v. Mathis, 706 So.2d 126 (Fla. 5th DCA 1998) (an attorney’s fees award in a modification proceeding should be based on the relative financial positions of the parties at the time the order of modification is entered).
We further observe that the former wife is not deserving of an award of attorney’s fees or costs due to her own lack of good faith in this litigation. The record shows that the former wife began the post-dissolution litigation when she unreasonably filed a petition with the court to prevent the *309 former husband from taking-the child to see his paternal grandparents. The former wife also refused the former husband’s request to spend a few extra hours at the airport with the child until flight departure. Indeed, she even instructed her lawyer to inform the former husband that the person designated to travel with the child on visitations “has been supplied with a list of the appropriate authorities to contact in the event that Mr. Newnum disobeys the Court’s order.” See Meloan v. Coverdale, 525 So.2d 935 (Fla. 3d DCA), rev. denied, 536 So.2d 243 (Fla.1988) (an abuse of discretion for the trial court to require the former husband, the party who was compelled to resort to an enforcement action regarding his visitation rights, to pay for the attorney’s fees connected with such enforcement litigation incurred by the former wife, the party who, without good cause, resisted the action).
The former wife argues on cross appeal that the trial court should be reversed because it failed to make specific finding of facts as to the reasonableness of the hours expended, the fees imposed,' and the costs incurred to justify a reduction in the fees awarded to her. While it is true the trial court failed to make such findings, it should not go unnoticed that the trial court was not supplied with the underlying facts to make those findings.
THE REDUCTION OF CHILD SUPPORT
At .the time of dissolution, the parties agreed that the former husband would pay to the former wife $550.00 per month as child support, as well as 19% of his share of profits and bonuses generated by the law firm of which he was a partner at the time of dissolution.[2] The trial court reduced the former husband’s child support payment to $500.00 per month, finding this amount to be in accordance with child support guidelines based upon the current financial circumstances of the parties. - -
Modification of a support agreement requires á petitioner to show a permanent, involuntary, and substantial change in circumstances. Moreover, a noncustodial parent who agrees to the amount of child support, as the former husband did in the instant case, will face a heavier burden of proof to reduce such amount in a later modification proceeding. Tietig v. Boggs, 602 So.2d 1-250 (Fla.1992); Pohlmann v. Pohlmann, 703 So.2d 1121 (Fla. 5th DCA 1997). The parties agree that at the time they agreed to child support of $550.00 per month, the former husband was earning considerably more. According to the former wife’s testimony, the former husband was earning about $85,000 per year. Notwithstanding, the former wife does not agree that the former husband’s child support requirements should be decreased and in fact, argues an increase in support is required without providing any evidentiary basis to support such a request. The former husband has shown an involuntary, and substantial change in circumstances, entitling him to a reduction in child support obligation. Accordingly, the trial court’s order reducing the former husband’s child support obligation is affirmed. Freeman v. Freeman, 615 So.2d 225 (Fla. 5th DCA 1993) (the evidence conclusively showed that the substantial reduction of the former husband’s annual income from $85,000 to $44,000 constitutes substantial change of circumstance entitling him to reduction of child support obligation). We note, however, that such decrease in income may not be permanent. Permanency will depend upon his success with his new law practice.
We reverse the trial court’s award of attorney’s fees and costs to the former wife because there was no showing made that the former husband has the ability to pay such award. We affirm the trial court’s order reducing the former husband’s child support *310 obligation because the former husband has shown an involuntary, and substantial change in circumstances. We anticipate that the former wife will ask for an increase in child support if the former husband’s law practice proves successful.
AFFIRMED IN PART; REVERSED IN PART.
GOSHORN and THOMPSON, JJ., concur.

. Visitation became so difficult that the former husband was even denied the opportunity to remain at airline gates until the child’s plane departed. The former wife required that the child be left with a person designated at least one hour before flight time. This controversy was also resolved in the former husband’s favor by the trial court.

. The former wife believed that the former husband withheld his profits and bonuses, and petitioned the trial court for a determination of bonus arrearages. At one hearing, she represented to the court that the former husband had not paid out anything additional from his profits and bonuses. Exhibits from trial, however, directly contradicted the former wife's .testimony, as these exhibits showed the former husband did pay additional support when he received bonuses from his former firm. The court found that no bonus arrearage existed. This, too, is an example of the former wife’s lack of good faith in this litigation.