WARNER, J.,
dissenting.
While I agree with the majority that the child support may be subject to modification, I conclude that the trial court abused its discretion in modifying the child support obligation of the marital settlement agreement on the facts in this record.
As noted in the majority, a party moving for modification has the burden to prove a substantial change in circumstance, not contemplated at the time of the final judgment of dissolution, which is sufficient, material, and permanent in nature. Maher v. Maher, 96 So.3d 1022, 1022 (Fla. 4th DCA *1118 2012). Where the original amount is based upon an agreement between the parties, the burden is heavier. Id.
“[A] substantial decrease in a parent’s earnings does not in all circumstances require a reduction in support payments.” Abdella v. Abdella, 693 So.2d 637, 639 (Fla. 3d DCA 1997) (citing Cimitier v. Cimitier, 579 So.2d 142, 144 (Fla. 3d DCA 1991)). “The trial court must look at all the assets available to the parent to determine the parent’s ability to pay.” Id. See also Beal v. Beal, 714 So.2d 568, 569 (Fla. 1st DCA 1998) (affirming denial of former husband’s petition to reduce his child support premised on reduced income because “the trial court correctly found that [the husband] continued to have sufficient assets and actual income to pay the amount of the child support previously ordered”).
While we usually give deference to the trial court’s findings of fact, in this case the trial court merely reviewed the transcript of testimony taken before a magistrate and made an independent determination on the issues. This is contrary to the usual review of magistrate findings, where the trial court reviews the findings of fact to determine whether competent substantial evidence supports those findings. See In re Drummond, 69 So.3d 1054, 1056 (Fla. 2d DCA 2011). Although the former wife did not object to this procedure, the trial court’s findings of fact are nevertheless entitled to less deference, because they were not based upon live testimony. See InPhyNet Contracting Servs., Inc. v. Soria, 33 So.3d 766, 770 (Fla. 4th DCA 2010).
The trial court’s only finding in support of a modification was that the former husband’s income had decreased substantially based upon the difference between the income it imputed to him and the income the parties stipulated to in the marital settlement agreement. His current imputed income amounts to approximately 60% of his prior income. Yet even half of this income amounted to a multiple six figure income, of which the child support amount would still constitute about 20%. Moreover, the trial court disregarded the former husband’s very substantial investments which could also generate income to pay the agreed child support. In short, the former husband had ample and sufficient assets to pay the child support even though his income had decreased.
Neither the trial court nor the majority addresses the permanency of this income loss. The former husband is an attorney who suffered some income loss as a result of a shift in his career path. There is nothing in the record to document that this is a permanent loss of income, and it does not appear to be so. In fact, quite the opposite appears to be true. The former husband testified that he expects to be making more money than he ever did at his former firm once some of his appellate cases come to fruition, and he discussed some of those cases.
The amount of child support was carefully negotiated in the marital settlement agreement. The former wife testified that she gave up valuable property rights at the time of the dissolution, and the former husband agreed that they compromised her claims to some of his bonuses through the total financial settlement. The former husband did not testify that he did not have the financial ability to make the support payments. His financial affidavit shows a surplus each month.
On this record, the husband has not carried his heavy burden to modify the agreed child support payment, and the trial court abused its discretion in ordering the reduction of the payment. I would reverse on this issue.