DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PAUL DAVID SJOGREN,**
Appellant,

v.

**MARY SJOGREN,**
Appellee.

No. 4D19-1415

[October 28, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; N. Hunter Davis, Judge; L.T. Case No. FMCE15-000495.

Michele K. Feinzig of Michele K. Feinzig, P.A., Coral Springs, for appellant.

Nancy A. Hass of Nancy A. Hass, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

The former husband, Paul Sjogren, appeals a final order denying his supplemental petition to modify his alimony obligation to the former wife, Mary Sjogren. We disagree with the trial court's conclusion that the former husband failed to prove a substantial change in circumstances with respect to his ability to pay alimony following the entry of the dissolution judgment, as the evidence showed that the former husband's current *available* take-home pay as a financial advisor has been substantially reduced due to certain deductions from his paycheck made by his current employer. We also disagree with the trial court's suggestion that any change was voluntary. While the former husband's decision to make a lateral career move in 2016 from his former employer to his current employer was voluntary, the decrease in his ability to pay alimony was involuntary. The former husband's current financial difficulties largely stemmed from a factor outside his control—namely, a scandal that occurred at his current employer a few weeks after he changed jobs, causing him to fail to meet certain performance benchmarks because he could not bring over enough clients from his former employer.

Still, we agree with the trial court's conclusion that the change in circumstances was not permanent, as the deductions from the former husband's paycheck will end in 2024. Moreover, we conclude that the former husband failed to preserve the argument that the trial court should have considered a temporary modification. Therefore, we affirm the order denying the former husband's petition, but our affirmance is without prejudice to him seeking a temporary modification. *See Rahn v. Rahn*, 768 So. 2d 1102, 1105 (Fla. 2d DCA 2000) ("[A] court will grant a temporary reduction or suspension in alimony when the obligor has suffered a reduction in income without deliberately seeking to avoid paying alimony and is acting in good faith to return his income to its previous level."); *Kinne v. Kinne*, 599 So. 2d 191, 194 (Fla. 2d DCA 1992) (where an obligor former spouse "is engaged in a new type of employment with substantially reduced income did not deliberately reduce his income to avoid compliance with his alimony obligation and is acting in good faith to increase his income back toward its previous level, his alimony obligation should be reduced to be more commensurate with his current ability to pay"); *see also Whetstone v. Whetstone*, 710 So. 2d 749, 750 (Fla. 4th DCA 1998) ("This type of relief differs from a permanent modification, which requires the showing of a permanent change in circumstances.").

*Affirmed without prejudice to appellant seeking a temporary modification.*

GROSS, MAY and KUNTZ, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

2