582 So.2d 769 (1991)
Alphonso MILLIGAN, Appellant,
v.
Patricia ADDISON, Appellee.
No. 90-2671.
District Court of Appeal of Florida, Third District.
July 16, 1991.
*770 Markus & Winter and Stuart A. Markus, Miami, for appellant.
Harold Long, Jr., Miami, for appellee.
Before HUBBART, BASKIN and COPE, JJ.
PER CURIAM.
This is an appeal by the defendant Alphonso Milligan from a final order, adopting a general master's report in a paternity action, which requires the defendant (1) to pay the plaintiff Patricia Addison certain child support payments and (2) to pay for the plaintiff's attorney's fees in this action. Because there is no transcript or reconstructed record of the evidentiary hearing before the general master in this cause, we are necessarily bound by the findings of fact made by the general master in his report. See, e.g., Ben-Hain v. Tacher, 418 So.2d 1107 (Fla. 3d DCA 1982); Firkel v. Firkel, 391 So.2d 351, 352 (Fla. 5th DCA 1980).
These findings of fact, which the trial court accepted, plainly show that an annual income of $23,000 was improperly imputed to the defendant based, in part, on (1) the defendant's voluntary decision to attend the University of Miami Law School as a full-time law student, rather than remain in his prior employment, and (2) $23,000 in unrestricted non-scholarship funds, which the defendant receives, without dispute, as a loan for his household and living expenses while attending the University of Miami Law School. The defendant's decision to better himself financially in the future by attending law school for three years at the University of Miami Law School cannot be considered a voluntary reduction in income sufficient to impute income to him for child support purposes based on his past earnings history because this decision will ultimately benefit his child, see Arce v. Arce, 566 So.2d 1308, 1311 (Fla. 3d DCA 1990). Nor can educational loans be considered income to the defendant because such monies represent debts which the defendant must repay. See Commissioner v. Indianapolis Power & Light Co., 493 U.S. 203, 110 S.Ct. 589, 592, 107 L.Ed.2d 591, 598 (1990); Commissioner v. Tufts, 461 U.S. 300, 307, 103 S.Ct. 1826, 1831, 75 L.Ed.2d 863, 870 (1983); Matter of J.C. Inv., Inc., 15 B.R. 392, 397 (Bankr.M.D.Fla. 1981).
The final order under review is therefore reversed and the cause is remanded to the trial court with directions (1) to vacate (a) the child support award, and (b) the order finding the defendant liable for the plaintiff's attorney's fees, and (2) to conduct a new evidentiary hearing [or refer the matter to the general master] on the amount of child support the defendant should be required to pay based on his actual income or any imputed income he could make from part-time employment as a law clerk; both parties shall be required to pay their own attorney's fees in this proceeding. This reversal shall be without prejudice to the plaintiff later seeking a modification of any child support award entered in the event the defendant's income capacity substantially improves in the future.
Reversed and remanded.