591 So.2d 1044 (1991)
John Michael NEAL, Appellant,
v.
Elizabeth M. MEEK, Appellee.
No. 91-684.
District Court of Appeal of Florida, First District.
December 26, 1991.
*1045 George Ralph Miller, Defuniak Springs, for appellant.
Patricia S. Grinsted of Grinsted & Grinsted, Shalimar, for appellee.
KAHN, Judge.
This is an appeal by John Michael Neal from a final judgment of paternity and order on child support. We reverse portions of the judgment appealed, finding that three issues raised by appellant require discussion.
Mr. Neal is an able-bodied young man and the admitted father of appellee's child. He derives his living from substantial family assets attributable to his mother and his grandmother. It appears from the record that he has a good deal of discretion as personal representative of his mother's estate in determining payments he will receive from the estate during the period of probate. Mr. Neal is not the only beneficiary of the estate. Mr. Neal apparently chooses not to work in a conventional sense, and shows no earned income for the last several years.
Upon consideration of Neal's financial affidavit, the trial court determined that Neal has "salary" of $833.33 per month. This money is all attributable to the estate. The trial court went on to find that Neal is "capable of additional income," but did not state any basis for the determination of the potential amount of such additional income. The trial court required Neal to pay child support for the minor child in the amount of $675.00 per month, making this obligation retroactive to the date of the child's birth in 1986, and allowing Neal until 20 days after the distribution of his mother's estate to pay the lump sum retroactive child support in the amount of $35,775.00. The court also required Neal to pay to appellee some $8,633.32 attributable to one-half of the minor child's medical expenses since birth.
Since the parents have a combined income of less than $50,000.00 per year, the trial court was bound by the child support guidelines contained in § 61.30, Florida Statutes (1989). These guidelines apply to the present case in several ways. First, the statute presumptively establishes the amount the court shall order as child support. § 61.30(1)(a), Fla. Stat. (1989). Next, the guidelines provide that the court may require payment in a different amount, but only upon a written finding, or a specific finding on the record, explaining why the guidelines amount would be unjust *1046 or inappropriate. Id. Finally, the guidelines clearly allow the trial court to impute income to a parent whose unemployment or underemployment is found to be voluntary. In such a case, however, the trial court is required to determine the employment potential and probable earnings level of the parent based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community. § 61.30(2)(b), Fla. Stat. (1989).
While it is apparent that the trial court desired to impute income to Mr. Neal, she did not make the requisite findings under the statute to impute such income, and moreover, she failed to determine the "probable earnings level" of Mr. Neal upon imputation of such income. Our own review of the record and transcript has not led to an indication of how the court obtained the child support figure. Accordingly, this cause must be remanded for further proceedings to determine the appropriate amount of child support. See Lewis v. Lewis, 569 So.2d 1342 (Fla. 1st DCA 1990). Any departure from the child support guidelines or any attempt to impute income to Mr. Meek must be supported by appropriate findings, as specifically required by § 61.30, Florida Statutes (1989).
Since we have reversed the monthly amount of child support, it follows that the lump sum awarded as retroactive child support must also be reversed. On remand, the trial court is clearly authorized to award retroactive child support. Coleman v. Mackey, 424 So.2d 170 (Fla. 3d DCA 1983). However, any requirement of payment of a lump sum within a time certain, as opposed to mere entry of a judgment against Mr. Neal, must be supported by findings of fact demonstrating that Mr. Neal would have the ability to pay within the time frame contemplated by the order. "The court shall determine ... the ability of the parents to support the child." § 742.031, Fla. Stat. (1989). In this case, there is no finding that the ultimate distribution from the mother's estate will allow this payment, nor is there a finding as to the contemplated distribution date.
The order requiring the father to pay $8,633.32 seems to have resulted from a mistake. Indeed, appellee concedes that the trial court, perhaps aided by appellee's submissions, miscalculated the medical expenses, and that upon proper calculation, the father's half should have been $6,180.86. Accordingly we remand this issue for proper calculation of the father's obligation to pay the child's hospital and medical expenses.
We do not disturb that portion of the final judgment adjudicating Mr. Neal's paternity, but reverse the remainder of the order, and remand for further proceedings.
ALLEN and WEBSTER, JJ., concur.