601 So.2d 274 (1992)
Thomas WOLLSCHLAGER, Appellant,
v.
Alisa C. VEAL, Appellee.
Nos. 91-2105, 91-3652.
District Court of Appeal of Florida, First District.
June 5, 1992.
*275 Marie A. Mattox of Douglass, Cooper, Coppins & Powell, Tallahassee, for appellant.
Michael W. Dugger, Tallahassee, for appellee.
WOLF, Judge.
The consolidated cases before us involve an appeal from a final judgment of paternity which awarded child support payments to appellee, Alisa C. Veal, and an appeal from a denial of a rehearing which upheld the award of retroactive payments for child support and medical expenses. Appellant, Thomas Wollschlager, essentially asserts that (1) the trial court erred in ordering the appellant to pay child support while appellant attends dental school; (2) the trial court erred by failing to make express findings of fact which would justify the child support award; (3) the trial court erred by excluding evidence concerning the relationship of the parties during the period of conception in determining a duty of support pursuant to chapter 742, Florida Statutes;[1] (4) the trial court erred in awarding retroactive child support and medical expenses to the appellee. We affirm as to issues one, three, and four, but reverse as to issue two, finding that the trial court failed to make sufficient factual findings as to imputation of income and deviation from the child support guidelines. See Neal v. Meek, 591 So.2d 1044 (Fla. 1st DCA 1991).
The appellant, Thomas Wollschlager, was found to have fathered a child by appellee, Alisa C. Veal, and was ordered to pay child support in the amount of $245.85 per month. In a separate proceeding, appellant was ordered to pay one-half of the amount found to have been expended for the child's care since her birth as "retroactive support and medical expenses for his minor child." No transcript of either proceeding has been filed with this court; however, a document entitled "Statement of Stipulated Facts" which related to the initial hearing was approved by the trial court, and is part of the record upon which we base our decision.[2]
*276 The stipulated statement of facts indicated that evidence was presented which established the "net monthly income" of appellant, the "net available monthly income" of appellee, that appellant would be attending dental school in August of 1991, and that the trial judge had imputed income to the appellant at minimum wage in determining the amount of child support which is due. Neither the record nor the order indicates, however, how the trial judge determined net income figures; the judge's basis of imputing income to the appellant or how many hours of work a week were imputed to the appellant; whether the trial court utilized the guidelines enumerated in section 61.30(1)(a), Florida Statutes (1989), in determining the amount of child support; or what factors were used by the judge for departure if the support guidelines were not used.
The appellant argues that he should not be ordered to pay child support until he completes dental school because the child's mother is financially able to meet the needs of the child. He argues that it was error for the trial court to impute income to him without examining the needs of the child and the ability of both parents to provide for those needs. Public policy in Florida, however, favors imposing an obligation on parents to contribute to the support of their children. See, e.g., Guadine v. Guadine, 474 So.2d 1245 (Fla. 4th DCA 1985). In Polley v. Polley, 588 So.2d 638 (Fla. 3rd DCA 1991), the Third District Court of Appeal held that the trial court erred by failing to impute income for the purpose of child support, reasoning that "[w]here both parties are financially able to fulfill their child support obligation ... one parent's voluntary underemployment does not eradicate that parent's child support obligation." Id. at 641. This same reasoning could be applied in the instant case to support imputing income to the appellant while he is in dental school.
Although there is not much Florida law on the issue of whether income should be imputed to full-time students for the purpose of child support, there are two cases decided by the Third District Court of Appeal which deal with the question: Arce v. Arce, 566 So.2d 1308 (Fla. 3rd DCA 1990), and Milligan v. Addison, 582 So.2d 769 (Fla. 3rd DCA 1991). In Arce, the Third District Court of Appeal held that a spouse who has a temporary reduction in income to complete his education has not "voluntarily" reduced his income: "A spouse who demonstrates his good faith and whose conduct is reasonably calculated to ensure the economic well-being of the persons to whom he owes a duty of support may be temporarily excused from having attributed to him the income which he is capable of earning, but which he currently is not earning." Id. at 1311 (emphasis in original). The court went on to explain as follows:
Our opinion should not be read to excuse a spouse from making support payments, but merely to allow a trial court the discretion to fashion a schedule of payments that will take into account the needs of the family.
Arce, 566 So.2d at 1312. In Arce, the court did not temporarily excuse the father from his support obligation, but only permitted a temporary reduction in the amount of support payments based upon certain findings by the lower court. The Arce case was remanded for findings in that regard. In Milligan, supra, the Third District Court of Appeal held that the defendant's decision to attend law school for three years could not be considered a voluntary reduction in income, and remanded the case with directions to conduct an evidentiary hearing on the amount of child support the defendant should be required to pay based on his actual income (albeit reduced) or any imputed income he could make from part-time employment while attending law school.
We do not read the holdings in either Milligan or Arce as supporting the proposition that one parent should be totally excused from child support obligations based on a unilateral decision to attend school. We also reject the implication that may be drawn from these cases that one *277 parent may make a unilateral decision to pursue higher education for a period of several years and thereby put an undue financial burden on the other parent, or preclude the other parent from pursuing similar educational or other career opportunities. The requirement of sacrifices by one parent in order to gain substantial assistance in the future should not be imposed; it should be a mutual decision of the parties. Even from the sparse record in front of us, we can determine that the mother's level of income is not such that she can easily care for the child without assistance.
Public policy and common sense dictate that appellant in this case should be obligated to pay child support, and Florida Statutes and case law indicate that imputing income under these circumstances is appropriate. We find no error in the trial court's decision to impute income.
Any attempt to impute income or to depart from the guidelines, however, must be supported by appropriate findings. See Neal v. Meek, supra; § 61.30, Fla. In Neal, a final judgment of paternity and order of child support were being appealed by the man who was determined to be the father of a child born out of wedlock. Mr. Neal was apparently independently wealthy, and had shown no earned income for several years prior to the hearing. In that case, the trial court imputed income to the father upon a finding that Neal was "capable of additional income" above what Neal provided as a monthly income on his financial affidavit. The trial court in Neal, as in the instant case, failed to state any basis for the determination of the amount of imputed income. In the instant case, the statement of stipulated facts notes only that the court "indicated to the appellant that income was to be imputed using minimum wage." Nothing that we have for review, however, demonstrates how many hours at minimum wage (or what other factors) the lower court had in mind in finally deriving the support payment of $245.85 per month. In this case, as in Neal, because neither the order nor the record on appeal gives any indication as to how the court decided the issue of child support, this court cannot determine whether the statutory child support guidelines were properly applied. See also Lewis v. Lewis, 569 So.2d 1342 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 165 (Fla. 1991).
The appellant also argues that the trial court failed to abide by section 742.031 because the court did not consider what was "equitable" under the circumstances of this case. The appellant has attempted to argue that the trial court should have taken into consideration the fact that he was defrauded into fatherhood and that, but for the fraud committed upon him, this child would not have been conceived. He argues that it is inequitable under the circumstances to require the appellant to postpone his plans to attend dental school when he was trapped into fatherhood, especially when the appellee herself is able to financially support the child.
Section 742.031, Florida Statutes (1989), relied on by appellant to support his argument, states that
[t]he court shall order either or both parents owing a duty of support to the child to pay support as from the circumstances of the parties is equitable.
We read section 742.031 to mean that the court should consider the presently existing circumstances surrounding the ability of both parents to provide support. Nothing in the statutory history indicates that the court should look at the question of which party was more responsible for conception or the factors leading up to the conception in determining the appropriate child support. Appellant has cited no cases to support this position. We reject this contention.[3]
As to the issue of past expenses, we determine that appellant has failed to provide this court with a sufficient record to determine that the trial court abused its *278 discretion. We therefore affirm as to this issue. See Applegate v. Barnett Bank, 377 So.2d 1150 (Fla. 1979); Mason v. Reiter, 564 So.2d 142 (Fla. 3rd DCA 1990).
We affirm in part, but reverse and remand for further consideration of the issue of continuing child support in accordance with this opinion.
WIGGINTON and BARFIELD, JJ., concur.
NOTES
[1] The trial judge disallowed the appellant's testimony as to alleged fraud and deception committed by appellee in falsely informing the appellant that she was on birth-control pills at the time she became pregnant.
[2] It is clear that the document entitled "Statement of Stipulated Facts," prepared by the appellant, does not reflect a stipulation of both parties. While we question whether the procedures utilized to provide this portion of the record complied with either rule 9.200(a)(3) or rule 9.200(b)(4), Fla.R.App.P., we are forced to rely on a record that appears to be a very one-sided version of what occurred in the trial court because appellee has not challenged the decision to approve this statement or the procedure utilized during the approval process. As to the second proceeding, appellant moved to supplement the record to provide a transcript. The court granted this motion on March 9, 1992, providing that counsel for appellant shall ensure preparation and transmittal of the supplemental record within 20 days. As of May 14, 1992, no transcript had been filed with the court.
[3] We note further that the language relied on by appellant has been amended to read, "The court shall order either or both parents owing a duty of support to the child to pay support pursuant to s. 61.30." Ch. 91-246, § 6, Laws of Fla.