ZEHMER, Chief Judge.
We affirm the order granting visitation pursuant to the husband’s motion for temporary relief. The child had resided in Madison County, Florida, for more than six months prior to the date the mother removed the child from Florida to Kentucky. This action was filed by the husband less than six months after the child had been removed. Thus the court below correctly ruled that Florida is the home state of the child and properly exercised jurisdiction pursuant to section 61.1308(l)(a)2, Florida Statutes (1991). As the wife had not filed a custody action in the state of Kentucky prior to the filing of the Florida action, her subsequently filed action in the state of Kentucky does not take priority over the Florida action. Section 61.1314, Fla.Stat. (1991).
Appellant argues that the Florida court should defer jurisdiction to the court hearing the Kentucky action on grounds that the Kentucky court is, under the circumstances, the more convenient and appropriate forum to decide the custody issue. While the Florida court is authorized to grant such relief under section 61.1316, Florida Statutes (1991), that precise issue has not been ruled on by the trial court. Accordingly; this affirmance is without prejudice to Appellant’s right -to a hearing on a motion to have the circuit court abate this action and defer its jurisdiction to the action pending in the Kentucky court.
AFFIRMED.
ALLEN and WEBSTER, JJ., concur.