THOMPSON, Judge.
The appellant (the former wife) seeks reversal of an Order of Support requiring the appellee (the former husband) to pay child support in the amount of only $108.00 per month and denying all costs requested by the appellant when the statutory guidelines require the appellee to pay $190.62 per month. We reverse and remand with *579 directions to enter a child support order consistent with the statutory guidelines.
The appellant and the appellee were married in Arizona on 19 September 1982 and a final judgment of dissolution was entered on 10 September 1985 in Arizona. The final decree required child support in the amount of $180.00 per month for Ryan Schwass, a child born of this union. Subsequent to the dissolution, the appellant moved to Oklahoma and the appellee moved to Deland, Florida. At the time this action was initiated through the Child Support Enforcement Department of the Department of Health and Rehabilitative Services (DHRS), the appellee was in arrears in the amount of $10,224.00.
The trial court heard testimony from the appellee and determined that he was employed and had a gross monthly income of $1,065.00 and a net monthly income of $864.00. Although unemployed, the court imputed a monthly income for the mother of $736.00. The court also received testimony from the DHRS that the guideline support calculation pursuant to section 61.-30(6), Florida Statutes (1991), requires ap-pellee to pay $190.62 per month. The trial court deviated from the guideline and entered an order for $108.00 per month. Pursuant to Florida law, the trial court did enter a written order explaining the reasons for this deviation. Glover v. Glover, 601 So.2d 231 (Fla. 1st DCA 1991). The court’s order, in full, stated:
Guidelines of $190.00 (sic) deviated from because of unrealistic net income and Respondent’s attempt to rehabilitate himself.
Apparently the trial court was referring to the appellee’s testimony that he had suffered from a drug problem, was currently living in a drug program’s halfway house and that he had recently completed a drug rehabilitation program sponsored by ACT. No matter how worthy the attempt of the appellee to change and improve his life, the written reasons do not support a deviation from the statutory guidelines.
Section 61.30(6), Florida Statutes (1991), is mandatory and must be followed in order to achieve stability and uniformity in the area of child support. Neal v. Meek, 591 So.2d 1044 (Fla. 1st 1991). The statute does allow deviation based upon valid reasons. See Section 61.30(10), Florida Statutes (allowing a deviation from the mandatory child support guidelines for such factors as extraordinary medical, psychological, educational or dental expenses; the age of the child; independent income of the child; and the total amount of assets available for child support when the total income and the assets of the parents and child are considered). However, an effort at drug rehabilitation is not a valid reason and is not a legal reason for the trial court to reduce the court ordered support that is necessary to financially provide for a child. Public policy requires that parents who are financially able support their children. Wollschlager v. Veal, 601 So.2d 274 (Fla. 1st DCA 1992). The trial court’s order provides less support for the child than both the original court order and the statutory guidelines even though the father is in arrears and has the financial ability to pay the amount required by statute.
The Order of Support is reversed and remanded with directions to enter a child support order consistent with the statutory guidelines.
REVERSED and REMANDED.
HARRIS, C.J., concurs and concurs specially, with opinion.
GOSHORN, J., dissents with opinion.