PER CURIAM.
Janine Cortez-Williams appeals an order setting child support. She raises five issues[1] on appeal, but we need address only the first: whether the circuit court failed to make the requisite findings of fact under section 61.30, Florida Statutes (1993), to impute income to Ms. Cortez-Williams. We reverse and remand for further proceedings.
“[A]ny attempt to impute income must be supported by appropriate findings, as specifically required by section 61.30, Fla.Stat. (1991).” Wood v. Wood, 632 So.2d 720, 721 (Fla. 1st DCA 1994).[2] Ms. Cortez-Williams’ financial affidavit stated a monthly income of fifty dollars. The circuit court, without explanation, imputed a monthly income of $1733.33.
While it is apparent that the trial court desired to impute income to [Ms. Cortez-Williams], [it] did not make the requisite findings under the statute to impute such income, and moreover, [it] failed to determine the “probable earnings level” of [Ms. Cortez-Williams] upon imputation of such income. Our own review of the record ... has not led to an indication of how the court obtained the child support figure. Accordingly, this cause must be remanded for further proceedings to determine the appropriate amount of child support.
Neal v. Meek, 591 So.2d 1044, 1046 (Fla. 1st DCA 1991). On remand, the circuit court is free to take additional evidence before entering a child support order.
Reversed and remanded.
MICKLE, BENTON and VAN NORTWICK, JJ., concur.

. The issues raised but not addressed are: (1) whether the circuit court abused its discretion with respect to the amount of the child support obligation imposed; (2) whether the circuit court's child support order violates the public policy of the state of Florida; (3) whether the circuit court erred with respect to the amount of child care costs taken into account pursuant to section 61.30(7), Florida Statutes (1993); and (4) whether the circuit court erred in failing to reduce the amount of child care costs taken into account by twenty-five percent, as required by section 61.30(7), Florida Statutes (1993).

. The version of that section applicable to the present case is identical to the 1991 version and provides:
Income shall be imputed to an unemployed or underemployed parent when such employment or underemployment is found to be voluntary on that parent's part, absent physical or mental incapacity or other circumstances over which the parent has no control. In the event of such voluntary unemployment or underemployment, the employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community; however, the court may refuse to impute income to a primary residential parent if the court finds it necessary for the parent to stay home with the child.
§ 61.30(2)(b), Fla.Stat. (1993).