659 So.2d 1381 (1995)
Heidi CHAPOTEAU, Appellant,
v.
Jean-Rene CHAPOTEAU, Appellee.
No. 95-265.
District Court of Appeal of Florida, Third District.
September 13, 1995.
*1383 John M. Owens, Clearwater; Lyons & Farrar, Coral Gables, for appellant.
Kneski & Kneski and Paul Kneski, Miami, for appellee.
Before BARKDULL, BASKIN and LEVY, JJ.
BASKIN, Judge.
Heidi Chapoteau ["former wife"] appeals a final judgment of dissolution of marriage. We reverse the judgment, except for the dissolution of the marriage, and remand for a new trial.
The former wife met Jean-Rene Chapoteau ["former husband"] in April 1991, in Germany. At that time, the former wife, a citizen and resident of Germany, was divorced and had two children from her prior marriage; the former wife cared for the children at home. The former husband, a United States citizen, and resident of Florida, was in Germany as a United States Department of State employee assigned to the Bonn embassy. In July 1991, he completed his assignment in Bonn, and returned to Washington, D.C. to commence training for his next assignment in Nigeria.
The parties were married in the United States in December 1991. The former wife then returned to Germany where the parties' daughter was born in May 1992. By July 1992, the former husband had assumed his post in Nigeria. Thereafter, the former wife, her two children, and the parties' daughter moved to Nigeria.
In June 1993, civil unrest broke out in Nigeria making it impossible for the family, then on vacation in the United States, to return home. The family remained in Washington, D.C. until September 1993, when, as a result of marital discord, the wife and the three children permanently relocated to Germany.
The former husband filed a petition for dissolution of marriage in Dade County Circuit Court; he later amended the petition to request a child custody determination and visitation. The former wife answered and counterpetitioned for temporary and permanent child support, temporary, permanent and rehabilitative alimony, and fees and costs. She objected, however, to the court adjudicating the custody issue, asserting that the court lacked jurisdiction under the Uniform Child Custody Jurisdiction Act ["UCCJA"]. §§ 61.1302  61.1348, Fla. Stat. (1993).
The trial court entered a final judgment dissolving the marriage, awarded the parties shared parental responsibility of their daughter, and awarded the former wife primary physical custody. The former husband was awarded reasonable and frequent visitation with the child. Departing from the child support guidelines, § 61.30, Fla. Stat. (1993), the court ordered the former husband to pay $350.00 monthly in permanent child support, and to continue dependent health insurance coverage for the child available through his employer. The court ordered the parties to share equally all health care costs not covered by insurance. The court also denied the former wife alimony, and reserved jurisdiction to determine her entitlement to fees and costs.
As a threshold consideration, we find that the court lacked subject matter jurisdiction to award shared parental responsibility of the child and decide visitation rights. Section 61.1308(1)(a), Florida Statutes (1993), vests upon a court competent to adjudicate child custody disputes the jurisdiction to make an initial child custody determination if Florida is the child's home state, or has been the child's home state for six months prior to the commencement of the proceedings. That *1384 is not the situation in this case. Moreover, the record does not reveal any basis for the court to exercise jurisdiction under sections 61.1308(1)(b) or (c). See generally Brown v. Tan, 395 So.2d 1249 (Fla. 3d DCA 1981). Because the court lacked subject matter jurisdiction, its awards of visitation and custody are void, and must be reversed. Gonzalez v. Gonzalez, 654 So.2d 257 (Fla. 3d DCA 1995); Quinones v. Quinones, 569 So.2d 884 (Fla. 3d DCA 1990).
Contrary to the former husband's argument, the former wife did not waive her UCCJA subject matter jurisdiction objection by requesting that the court award child support.[1] "Subject matter jurisdiction is a power that arises solely by virtue of law. It is conferred upon a court by a constitution or a statute, and cannot be created by waiver, acquiescence or agreement of the parties." State of Florida, Dep't of Health & Rehabilitative Serv. v. Schreiber, 561 So.2d 1236, 1240 (Fla. 4th DCA 1990) (citations omitted), review denied, 581 So.2d 1310 (Fla. 1991); Cates v. Heffernan, 154 Fla. 422, 18 So.2d 11 (1944); Steckel v. Blafas, 549 So.2d 1211 (Fla. 4th DCA 1989); Williams v. Starnes, 522 So.2d 469 (Fla. 2d DCA 1988).
We next address the child support award. The former wife asserts that the trial court erred in failing to impute to the former husband, as income, the value of his employer-provided residence in Nigeria, and also erred in varying from the child support guidelines for invalid reasons. We agree.
The child support guidelines statute requires the court to consider, as income to a parent "[r]eimbursed expenses or in kind payments to the extent that they reduce living expenses." § 61.30(2)(a)13., Fla. Stat. (1993). Unquestionably, the former husband's employer-provided housing falls within this classification. See Garcia v. Garcia, 560 So.2d 403 (Fla. 3d DCA 1990). In this case, however, the court declined to include the value of this benefit as income to the former husband on the basis that the value would be difficult to ascertain. This is error. The "[s]pecific dollar values for the in kind contributions and reimbursed expenses must be determined... ." Garcia, 560 So.2d at 404. On remand, if the former husband is receiving this benefit the court must determine its value and include it in his income.
Additionally, the court's reasons for varying from the child support guidelines are legally insufficient.[2] Nothing in the statutory scheme suggests that voluntary departure from the marital home or travel expenses associated with visitation constitute valid reasons for reducing a parent's child support obligation. It is also improper to reduce the former husband's child support obligation based on social welfare benefits the former wife receives in Germany. We note that section 61.30(2)(c) exempts from gross income "[a]id to families with dependent children benefits." The spirit of section 61.30(2)(c) would be violated by a reduction in a parent's child support obligation based on social benefits that correspond to this type of assistance. Compare § 61.30(2)(a)8., Fla. Stat. (1993) (social security benefits considered income). On remand, the court may make findings to determine the nature of the benefits in question.
*1385 As for the differences between the lifestyle and the costs of living in this country and Germany, the trial court must make specific findings, supported by the record, expressing why a variance from the guidelines is appropriate on this basis. Martin v. Martin, 616 So.2d 158 (Fla. 3d DCA 1993); Walsh v. Walsh, 600 So.2d 1222 (Fla. 1st DCA 1992). The blanket statement in the judgment is insufficient.
Furthermore, the mother's unemployment, which the court deemed voluntary, does not provide a basis for varying from the guidelines. Section 61.30(2)(b) provides that a court may impute income to a voluntarily unemployed or underemployed parent. However, voluntary unemployment or underemployment is not a basis for reducing a parent's child support obligation. Under the statutory scheme, once the trial court imputes income to the unemployed or underemployed parent, the court then determines the obligation of each parent as to the guideline amount. § 61.30(9), Fla. Stat. (1993). Moreover, a finding of voluntary unemployment or underemployment must be supported by specific findings of the amount of income to be imputed and the basis for determining such amount. Seilkop v. Seilkop, 575 So.2d 269 (Fla. 3d DCA 1991); Wollschlager v. Veal, 601 So.2d 274 (Fla. 1st DCA 1992); Neal v. Meek, 591 So.2d 1044 (Fla. 1st DCA 1991); Lewis v. Lewis, 569 So.2d 1342 (Fla. 1st DCA 1990), review denied, 581 So.2d 165 (Fla. 1991).
Finally, we also reverse the court's denial of the former wife's request for alimony. The court did not make the findings required in section 61.08(1), Fla. Stat. (1993). The denial of alimony without the appropriate findings required by the statute must be reversed. Collins v. Collins, 655 So.2d 1163 (Fla. 1st DCA 1995); Miller v. Miller, 625 So.2d 1320 (Fla. 5th DCA 1993); Hemraj v. Hemraj, 620 So.2d 1300 (Fla. 4th DCA 1993).
Based on the foregoing reasoning, we reverse the final judgment of dissolution, except insofar as it dissolves the marriage, and remand for a new trial consistent with this opinion.
Reversed and remanded.
NOTES
[1] The UCCJA does not proscribe jurisdiction to award monetary relief, including child support. See § 61.1306(2), Fla. Stat. (1993) ("custody determination" does not include "decision relating to child support or any other monetary obligation of any person").
[2] The final judgment states:

4. The court finds that the circumstances of the parties warrant a departure from the Child Support guidelines amount. Such an adjustment is necessary in order to achieve an equitable result. The circumstances which the court has considered include the findings of this court that the Wife voluntarily left the marital home and moved to the Federal Republic of Germany with the parties' child, contrary to the wishes of Husband; that Husband must incur extraordinary expenses in exercising visitation and in otherwise maintaining contact with the child; the rent subsidy and other social welfare benefits afforded the Wife in Germany which reduce her living expenses; that there is a difference in life style and in the cost of living between Germany and the United States and that Wife's [sic] had elected to not pursue available employment.