674 So.2d 898 (1996)
Janet Carol Hutching OVERBEY, Appellant,
v.
Daniel Lynn OVERBEY, Appellee.
No. 95-2252.
District Court of Appeal of Florida, Fifth District.
May 31, 1996.
Richard J. D'Amico, Ormond Beach, for Appellant.
Lawrence J. Nixon, Daytona Beach, for Appellee.
COBB, Judge.
The issue in this case is whether a decision by a non-custodial parent to attend law school, with a consequent significant loss of income, constitutes a valid basis for a downward modification of child support.
The factual background shows the parties were divorced in March, 1990. The father, as non-custodial parent, was obligated to pay $200.00 per week as support for two children of the marriage. The mother received the marital residence and she waived all rights to the father's pension with the police department, where his income was approximately $45,000 as of 1994. He has accumulated some $27,000 as lump sum pension entitlement. *899 The mother is a licensed practical nurse with an income of some $2,000 per month. Her living expenses with the two children are within normal ranges. She has remarried.
In February of 1995 the father was accepted for admission to law school, and applied to the court for a reduction in child support to enable him to attend. The mother opposed the motion on the ground that his voluntary decision to attend law school was not a change of circumstance justifying a reduction in child support. After hearing, the trial court granted the father a reduction in child support to $223.72 per month until the oldest child reaches majority, then to $166.95 per month. At the time of the modification order in July, 1995, the children were sixteen and ten years of age.
On the issue presented to usi.e., the "voluntariness" of the parent's decision there apparently is a conflict between the First and Third District Courts. In State, Department of Revenue, on Behalf of Johnson v. Thomas, 659 So.2d 1305 (Fla. 1st DCA 1995), the lower court granted the father's petition for a downward modification of child support, but at the same time found that the father had "voluntarily and unilaterally taken himself out of the full work force to pursue education." The appellate court held that these inconsistent actions on the part of the lower court constituted an abuse of discretion. See also Wollschlager v. Veal, 601 So.2d 274 (Fla. 1st DCA 1992) (rejecting implication of Third District cases that one parent may make a unilateral decision to pursue education for several years thereby putting undue financial burden on the other parent or precluding other parent from pursuing similar education).
The appellee father relies on two Third District cases: Arce v. Arce, 566 So.2d 1308 (Fla. 3d DCA 1990) and Milligan v. Addison, 582 So.2d 769 (Fla. 3d DCA 1991). Arce may be distinguished from the instant case because it dealt with an effort to complete an education that was ongoing during the marriage of the parties. That was not the case, however, in Milligan, where the defendant in a paternity suit gave up his prior employment in order to attend law school. Milligan, therefore, appears to be directly on point in regard to the case before us, and supports the decision of the trial court as well as the position of the appellee.
We agree with the view expressed by the First District. We believe the appellee's decision to attend law school, however well-intentioned, was a voluntary one that cannot take precedence over the welfare of the two minor children herein concerned, particularly since the minority of one of the children will terminate during the appellee's projected absence at law school. Even where a parent's motive and goals are admirable, that parent's voluntary act in relinquishing income does not necessarily justify a court reduction in child support. See Department of Health and Rehabilitative Services on Behalf of Heinold v. Schwass, 622 So.2d 578 (Fla. 5th DCA 1993).
We also disagree with the trial court's predicate finding that law school attendance is a logical extension of a career as a police officer. In the instant case, the appellee's applications to attend law school were subsequent in time to the marital relationship of the parties and the judgment setting the amount of child support.
We certify conflict with Milligan.
REVERSED.
DAUKSCH, J., concurs.
GOSHORN, J., dissents without opinion.