PER CURIAM.
Sandra Elaine Kilgore appeals an order dismissing her action for child support. We reverse.
The trial court dismissed the appellant mother’s Florida action in favor of a North Carolina action filed by the appellee father one day earlier. The North Carolina action raised issues falling within the Uniform Child Custody Jurisdiction Act, as well as issues of support which are not covered by the Act. See Chapoteau v. Chapotean, 659 So.2d 1381, 1384 n. 1 (Fla. 3d DCA 1995). After both lawsuits were filed, the mother and child relocated to Miami, Florida, where the father also resides.
The trial court dismissed the complaint, reasoning that North Carolina was the child’s home state at the time the father filed in North Carolina. Further, the North Carolina action was first filed by one day.[1]
In the meantime, the North Carolina trial judge entered an order finding that North Carolina is, under the circumstances, an inconvenient forum. The North Carolina court declined to exercise jurisdiction and deferred jurisdiction to Florida. We entirely agree with the North Carolina court’s reasoning on this point.[2] See § 61.1316, Fla.Stat. (1995); *219 see also Odom v. Odom, 620 So.2d 1130 (Fla. 1st DCA 1993).
The order under review is reversed and the cause remanded with directions to reinstate the action.

. Although we need not reach the point, there is a question whether the North Carolina action is properly viewed as first filed. The mother had initiated negotiations with the father, stating that she intended to file a child support suit, but proposed to refrain from filing so that the parties could reach a negotiated agreement out of court. While the negotiations were ongoing, and without giving notice of his intentions, the father filed the North Carolina action. The mother filed in Miami the next day.

. The North Carolina trial court’s order states in part:
THIS CAUSE, coming on to be heard on Defendant’s Motion to Dismiss, and being heard, before the Honorable Peter L. Roda, District Court Judge Presiding, on March 5, 1996, the Court finds the following facts:
11. That the major issues in this matter will be Dawson's visitation of the minor child and Dawson's child support to the minor child.
12. That information concerning Dawson's income and assets are more readily available in Florida, where Dawson lives and where he most recently worked.
13. That information concerning Dawson's visitation is more readily available in Florida, where Kilgore and the minor child reside.
14. That the best interest of the minor child would be better served if this matter was heard in Florida.
15. That the most convenient forum is where the Plaintiff, Defendant, and the minor child reside.
Based on the foregoing findings of fact, the Court makes the following CONCLUSIONS OF LAW:
2. That North Carolina has a basis for jurisdiction over the child custody and support issues because North Carolina was the minor child's home state.
3. That Florida is a more appropriate forum to hear the issues of visitation and support because Dawson, Kilgore and minor child all reside in Florida.
NOW THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED as follows:
*219 2. That Kilgore's motion to dismiss pursuant to Section 50A-7 of the North Carolina General Statutes that North Carolina is an inconvenient forum is granted.
3. That the Court declines to exercise jurisdiction in this matter and defers jurisdiction to Florida.
4.That this matter is dismissed with prejudice.
This the 12th day oí March, 1996.
N_ The Honorable Peter L. Roda District Court Judge Presiding