ANTOON, Judge.
The custodial parent appeals the order reducing the noncustodial parent’s child support-obligation for the parties’ two children. Because there is no valid basis for the reduction in the record, we reverse.
The noncustodial parent requested that the trial court reduce the monthly child support obligation of $479.18 which had been established by the final judgment of dissolution of marriage. In support of the request, the noncustodial parent claimed that a change in employment resulted in a reduction in income and thus, constituted a change in circumstances. The trial court granted the request and reduced the support obligation to $247.00 per month. The custodial parent contends on appeal that the change of employment was voluntary and that the trial court erred in failing to impute income to the noncustodial parent.
A hearing was conducted in which both parties participated without counsel. With Job-like patience, the trial court questioned the parties in an effort to reach the right result. The trial court determined that for five years prior to the final judgment the noncustodial parent had been employed at a hospital and at the time of the final dissolution judgment was earning $1,869.00 per month. However, one month after the judgment setting the child support obligation was entered, the noncustodial parent quit the hospital job and took a job which paid substantially less. At the time of the modification hearing, the noncustodial parent was earning $737.00 per month. The only explanation offered for quitting the hospital job was a vague reference to feelings of harassment because legal papers had been served at the hospital.
A party seeking to modify an award of child support has the burden of establishing a substantial change in circumstances existing at the time of the final judgment. Deatherage v. Deatherage, 395 So.2d 1169 (Fla. 5th DCA 1981), rev. dismissed, 402 So.2d 609 (Fla.1981). A change in circumstances does not exist when a parent obligated to pay child support attempts to avoid or reduce that obligation by voluntarily becoming unemployed or underemployed. Hirsch v. Hirsch, 642 So.2d 20 (Fla. 5th DCA 1994). The legislature has specifically addressed this issue in section 61.30(2)(b), Florida Statutes (1995), which provides in pertinent part:
61.30 Child support guidelines.—
[[Image here]]
Income shall be imputed to an unemployed or underemployed parent when such employment or underemployment is found to be voluntary on that parent’s part....
Even a noncustodial parent voluntarily leaving employment to pursue further education or training in order to increase earning capacity is not necessarily entitled to a reduction in support obligations. See Overbey v. Overbey, 674 So.2d 898 (Fla. 5th DCA 1996).
Here, the order modifying the parties’ dissolution judgment contains neither a finding that there was a substantial change in circumstances nor a finding that the noncustodial parent’s reduction in income was involuntary. A review of the record reveals that the trial court could not make such findings on *864 the evidence presented. The noncustodial parent in this case failed to meet the required burden of proof. We reverse and remand for the trial court to impute income in accordance with section 61.30(2)(b).
REVERSED and REMANDED.
PETERSON, C.J., and DAUKSCH, J., concur.