975 So.2d 1161 (2008)
Lachelle PARSONS, Appellant,
v.
Charles BRAKE and the State of Florida, Department of Revenue, Appellees.
No. 1D07-2127.
District Court of Appeal of Florida, First District.
March 6, 2008.
*1162 Lachelle Parsons, pro se, Appellant.
Bill McCollum, Attorney General, and William H. Branch, Assistant Attorney General, Tallahassee, for Appellees.
PER CURIAM.
Lachelle Parsons, Appellant, appeals the trial court's order requiring her to pay $330.00 per month ongoing child support and $17.00 per month toward retroactive support based on an imputed net income of $999.17 per month. She essentially argues that the trial court's order was not supported by the evidence.[1] We agree, and accordingly, reverse and remand for further proceedings consistent with this opinion.
On January 16, 2006, Florida Department of Revenue and Charles Brake filed a petition to establish child support from Appellant. A final child support hearing was conducted on March 22, 2007. At the hearing, Appellant testified that she is one hundred percent disabled even though her disability application had been denied once. She further testified that she does not work, and she lives with, and is supported by, her mother and father. Appellant testified that she does not have a doctor's note indicating her present inability to work.[2] She testified that she had worked as a waitress in the past but she currently cannot stand on her feet for long periods of time.
In the child support guidelines worksheet, Brake's counsel imputed $999.17 monthly net income to Appellant, allegedly based on the minimum wage. The trial court ordered Appellant to pay $333.00 per month in ongoing child support beginning April 22, 2007, and $17.00 per month towards retroactive support of $4,848.00. These figures conformed with Brake's counsel's calculations. The trial court did not make any findings regarding Appellant's ability to work or earning capacity. This appeal followed.
Section 61.30(2)(b), Florida Statutes (2005), provides,
Income on a monthly basis shall be imputed to an unemployed or underemployed parent when such employment or underemployment is found to be voluntary on that parent's part, absent physical or mental incapacity or other circumstances over which the parent has no control. In the event of such voluntary unemployment or underemployment, the *1163 employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community. . . .
"A court may impute income to a party who has no income . . . based upon a showing that the party has the capability to earn more by the use of his best efforts." Cushman v. Cushman, 585 So.2d 485, 486 (Fla. 2d DCA 1991). When a trial court imputes income to an individual, it "must be supported by appropriate findings." Wollschlager v. Veal, 601 So.2d 274, 277 (Fla. 1st DCA 1992) (disapproved of on other grounds). If a trial court fails to make the requisite findings, "the record must reveal competent substantial evidence supporting the trial court's decision." Burkley v. Burkley, 911 So.2d 262, 268 (Fla. 5th DCA 2005). In Burkley v. Burkley, the court noted that "mere allegations of employability do not constitute competent substantial evidence for imputing income." Id. at 269. The Burkley court also held that the former husband's partial disability should have been taken into account when determining his ability to work when imputing income to him for child support purposes. Id. at 269.
Here, the trial court failed to make sufficient findings to support the imputation of income to Appellant. The trial court merely inquired as to Appellant's former occupation. The trial court did not address Appellant's occupational qualifications, the prevailing earnings in the community, or her physical ability to work. Although Appellant has not been awarded disability benefits, there is evidence in the record that she has a serious medical condition and cannot work. Brake presented no evidence of how many hours a week Appellant could work or of the wages she could earn. The record is void of competent substantial evidence supporting the imputation of income to Appellant. Therefore, we REVERSE and REMAND for further proceedings consistent with this opinion.
ALLEN, VAN NORTWICK, and LEWIS, JJ., concur.
NOTES
[1] Pro se pleadings are liberally construed by courts. Stokes v. Fla. Dep't of Corr., 948 So.2d 75, 77 (Fla. 1st DCA 2007).
[2] The record includes a July 26, 2001, letter from Dr. Zawahry, stating that Appellant suffers from Hepatitis C, which causes her progressive weakness and has left her permanently and totally disabled.