PER CURIAM.
Mr. McDuffie’s allegations that his former wife could earn $10 per hour and work full-time are insufficient to warrant imputation of that income. Because the trial court did not have competent, substantial evidence to support imputing a monthly income of $1733 to the former wife, the court abused its discretion.[1] We reverse.
To impute income for the purposes of child support and alimony, a trial court must first find the parent is voluntarily underemployed or unemployed, not due to a physical or mental incapacity or other circumstance beyond the parent’s control. § 61.30(2)(b), Fla. Stat.; Swain v. Swain, 932 So.2d 1214, 1215 (Fla. 1st DCA 2006). If the court makes this finding, it must impute income. § 61.30(2)(b), Fla. Stat.; Shrove v. Shrove, 724 So.2d 679, 682 (Fla. 4th DCA 1999). To support the amount, the parent’s employment potential and probable earnings level must be based on “particularized findings relating to the current job market, ... recent work history, ... occupational qualifications, and the prevailing earnings level in the local community.” Rabbath v. Farid, 4 So.3d 778, 782 (Fla. 1st DCA 2009); see § 61.30(2)(b), Fla. Stat. The court must make specific findings of fact. § 61.30(2)(b), Fla. Stat. This Court may, in the absence of findings however, look for record support of the factors and affirm on that basis. Parsons v. Brake, 975 So.2d 1161, 1163 (Fla. 1st DCA 2008) (internal quotation marks omitted) (quoting Burkley v. Burkley, 911 So.2d 262, 268 (Fla. 5th DCA 2005)).
Here, the former wife and her doctor testified she had medical issues preventing her from working outside the home. The former wife explained there was no job outside the home she could perform. The trial court — as trier of fact and judge of credibility — found the former wife and doctor’s testimony not credible. See Coday v. State, 946 So.2d 988, 1005 (Fla.2006) (explaining rejection of unrebut-ted expert testimony on the basis of credibility is rational and permitted). Thus, with no medical issues and each child now in school full-time, there was competent, substantial evidence to find her capable of working and voluntarily unemployed not pursuant to a physical or mental incapacity or other circumstance beyond her control.
The actual amount of income to impute is more problematic. It is unclear where Mr. McDuffie derived the $10 per hour, full-time job and income he advocated for. What is clear is that the record is devoid of support for this figure. There is no evidence of the local job market, the area .minimum wage, or the type of job the *1237 former wife could secure that would pay $10 per hour. The former wife had close to no work history during the parties’ more than fourteen-year marriage. The only evidentiary support for a $10 per hour, full-time job and the former wife’s ability to secure it is that the former wife has a bachelor’s degree in biology with a chemistry minor, which she obtained prior to the marriage. These facts are not competent, substantial evidence of the current job market, work history, occupational qualifications, and the prevailing earnings level in the local community.
A finding of voluntary unemployment is only part of imputing income. The party seeking to impute income must support the income figure for which it advocates. The trial court simply did not have enough evidence or make the particularized findings required to support the amount of imputed income. The imputation must be reversed and the case remanded.
On remand, the circuit court may take further evidence[2] on the amount of income to impute. See Cortez-Williams v. Douglass, 659 So.2d 1250, 1250 (Fla. 1st DCA 1995) (reversing minimum wage imputation where amount not supported by record, but stating that “[o]n remand, the circuit court is free to take additional evidence before entering a child support order”). Also on remand, because the improperly imputed income played into the alimony and equitable distribution amount determinations, the court may consider revising those amounts if appropriate.[3]
Finally, while the court did not abuse its discretion in distributing the parties’ credit card and loan debt equally, the court did not delineate how each party would be responsible. Instead, it simply listed each account and allocated half of the total money to each spouse. On remand, the court is instructed to revise the final judgment to allocate each account so as to accomplish equal distribution, or provide for how and to whom the former wife is to pay her half, or devise some other delineated system for allocating responsibility for the debt and the method of payment.
REVERSED and REMANDED with instructions.
BENTON, CLARK, and ROWE, JJ., concur.

. We review a trial court’s imputation of income for abuse of discretion. Rabbath v. Farid, 4 So.3d 778, 781 (Fla. 1st DCA 2009).

. To the extent the court finds the former wife could be employed full-time, the court should consider any corresponding child care costs.

. We find no abuse of discretion in the court’s determination that durational alimony was appropriate or that the credit card debt should be equally distributed. Nor do we find an abuse of discretion in not granting former wife retroactive child support. We affirm those decisions without comment.