MAY, J.
In this appeal from a final dissolution of marriage, the former husband argues the trial court erred in deciding four issues: (1) the equitable distribution of airline miles and credit card points; (2) the equitable distribution of marital liabilities; (3) the alimony award; and (4) the attorney’s fees award. We find merit in the former husband’s argument concerning the equitable distribution of marital liabilities and reverse on that issue. We affirm in all other respects.
*1129 The parties separated after seventeen years of marriage, and the former husband petitioned for dissolution of marriage. The former wife answered and counter-petitioned. The former husband was employed at the time of the dissolution; the former wife was not.
In the final judgment of dissolution, the trial court ordered:
• The parties shall equally divide all airline miles and credit card points/rewards.
• The parties have marital liabilities subject to equitable distribution. The parties have two credit cards and are equally responsible for the credit card debt incurred through the date of filing.
• The former wife has a need and the former husband has the ability to pay permanent alimony of [] per month. Based on the evidence, permanent alimony is appropriate and no other forms of alimony are fair and reasonable under the circumstances.
• The former wife is employable and shall be imputed to earning minimum wage.
• The former wife has a need and the former husband has the greater ability to pay attorney’s fees, therefore the former husband is responsible for paying the former wife’s attorney’s fees. The court reserves jurisdiction to determine the amount of the attorney’s fee award.
The former husband moved for rehearing, which the trial court denied. From the final judgment of dissolution, the former husband now appeals.
The former husband argues the trial court abused its discretion in distributing the credit card liabilities without designating which spouse is responsible for payment of which debt. The distribution of marital liabilities should include both identification of the liabilities and designation of which spouse shall be responsible for payment of the liability. The final judgment fails to do that.
The former wife responds that the judgment clearly provides who shall be responsible for the credit card debt and who shall provide payment. The liabilities are in the former husband’s name and the former wife needs to reimburse the former husband for half.
We review trial court decisions regarding equitable distribution for an abuse of discretion. Rafanello v. Bode, 21 So.3d 867, 869 (Fla. 4th DCA 2009) (citation omitted).
The distribution of marital liabilities should include a clear identification of the liability and which spouse is responsible for it. § 61.075(3)(c), Fla. Stat. (2015). “It is reversible error for a trial court to simply indicate that marital liabilities are to be equally divided without identifying each specific liability and without identifying which spouse is responsible for each.” Italiano v. Italiano, 873 So.2d 558, 561 (Fla. 2d DCA 2004) (citations omitted).
In McDuffie v. McDuffie, 155 So.3d 1234, 1237 (Fla. 1st DCA 2015), the trial court evenly divided the parties’ debt by listing each account and allocating half to each spouse. The First District reversed and remanded, instructing the trial court to apportion each account to ensure equal distribution of the debt or delineate a system to allocate responsibility for each account and the method of payment. Id.
Here, the trial court clearly identified each liability and ordered the debt to be equally distributed between the parties. It did not, however, indicate which spouse is responsible for making payments on which debt. It erred in not doing so.
We therefore reverse and remand the case for the trial court to determine which *1130 spouse is responsible for payment of the specific outstanding marital liabilities. We affirm in all other respects.

Reversed in part; affirmed in part; and remanded.

WARNER and DAMOORGIAN, JJ., concur.