PER CURIAM.
Appellant, Former Wife, raises six points on appeal challenging several aspects of the Final Judgment of Dissolution of Marriage. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.
We affirm Point TV without further comment. Regarding Point V, we conclude that the trial court’s decision not to award Former Wife the marital home as lump sum alimony was not an abuse of discretion, and affirm. As to Point VI, we affirm the trial court’s decision to deny Former Wife’s request for Former Husband to reimburse her in the amount of $6800 for the attorney’s fees she had already paid her first attorney. See Cullen v. Cullen, 884 So.2d 304, 306 (Fla. 2d DCA 2004) (“The purpose of an attorney’s fee award under section 61.16, Florida Statutes ... is to ensure that both parties will have a similar ability to obtain competent legal representation.”); Giovanelli v. Giovanelli, 654 So.2d 154, 155 (Fla. 4th DCA 1995) (“The principle [sic] criterion for an award of attorney’s fees in a marital case is the relative financial resources of the parties. ... Moreover, it has been pronounced that the award of attorney’s fees is proper to avoid an inequitable diminution of the fiscal sums granted ... in those proceedings.”) (citation omitted).
Points I, II, and III, however, raise issues directed to the insufficiency of the trial court’s findings with regard to Former Wife’s request for permanent alimony (Points I and II), and the trial court’s imputation of income to Former Wife (Point III). The parties’ marriage was presumptively a long-term marriage as contemplated in section 61.08(4), Florida Statutes (2013). In denying Former Wife permanent alimony, the trial court failed to make any of the factual determinations required by section 61.08(2)(a)-(j), Florida Statutes. The trial court’s failure to set forth the requisite factual findings to justify its decision not to award Former Wife *1286 permanent alimony contravened the clear mandate of section 61.08(2), and inhibits any meaningful review of the alimony-issue. See Abbott v. Abbott, 187 So.3d 326, 327-28 (Fla. 1st DCA 2016); Winder v. Winder, 152 So.3d 836, 840-41 (Fla. 1st DCA 2014); Broemer v. Broemer, 109 So.3d 284, 289 (Fla. 1st DCA 2013); Sellers v. Sellers, 68 So.3d 348, 350-51 (Fla. 1st DCA 2011). As a result, the permanent alimony judgment must be reversed. Similarly, the trial court’s imputation of income to Former Wife suffers from an equal lack of the requisite “ ‘particularized findings’ to support its decision, McDuffie v. McDuffie, 155 So.3d 1234, 1236 (Fla. 1st DCA 2015) (quoting Rabbath v. Farid, 4 So.3d 778, 782 (Fla. 1st DCA 2009)); see also Schlagel v. Schlagel, 973 So.2d 672, 675 (Fla. 2d DCA 2008). Although in some instances we may affirm without the inclusion of specific findings, see McDuffie, 155 So.3d at 1236, we cannot do so on ‘this record. Therefore, the imputation of income determination as to Point III must be reversed. On remand, the trial court should undertake an appropriate analysis of Former Wife’s actual prospects for employment and her income earning potential. In doing so, the court may take additional evidence. Id. at 1237.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
OSTERHAUS, JAY, and WINSOR, JJ„ CONCUR.