# Third District Court of Appeal

## State of Florida

Opinion filed February 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-605
Lower Tribunal No. 17-21520
_____

**Jacques Junior Armand,**
Appellant,

vs.

**Ginou Armand Amisy,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, George A. Sarduy, Judge.

Scanziani & Associates Law, and Jessica Ramirez-Garcia, for appellant.

Harris Appellate Law Office, and Elizabeth Siano Harris (Mims), for appellee.

Before LOGUE, SCALES and GORDO, JJ.

GORDO, J.

Jacques Armand appeals the trial court's final judgment of dissolution of marriage entered while his motion to dismiss the cause for lack of subject matter jurisdiction was pending.

Jacques Armand and Ginou Armand Amisy were married in 2008 in Port-au-Prince, Haiti. They lived in Haiti until February 2014 when they relocated to Massachusetts with their three minor children. In June 2016, they moved to Miami-Dade County. Armand filed a verified petition for dissolution of marriage with minor children in the Miami-Dade circuit court in September 2017. Amisy answered the petition and filed a verified counter-petition for dissolution of marriage and other relief.

Armand subsequently voluntarily dismissed his petition and filed a motion to dismiss Amisy's counter-petition alleging the Florida court lacked subject matter jurisdiction because neither party met the Florida residency requirement pursuant to section 61.021, Florida Statutes. He claimed that he was a citizen of Haiti and resided in Somalia, and that Amisy had returned to Massachusetts with the children prior to filing the petition.

Before the hearing on the motion to dismiss, Armand separately filed a Haitian divorce decree and certified translation. Armand argued that he initiated divorce proceedings in Haiti in January 2014 and that a final judgment of divorce was entered on May 8, 2017 by a duly authorized court

2

in Haiti thereby divesting the Florida court of subject matter jurisdiction to dissolve the marriage.

During the May 21, 2018 hearing on the motion to dismiss, Amisy opposed any argument regarding the Haitian divorce as it was not contained within the contents of Armand's motion to dismiss and she was not on notice prior to the hearing. The trial court sustained the objection and did not rule on the Haitian divorce allegations. The court denied the motion to dismiss predicated only on its finding that the parties and the children were residents of Florida for 6 months prior to the filing of the petition. Armand filed a petition for writ of prohibition in this Court challenging the court's findings of Florida residency. In an unelaborated order, the petition was denied. See Armand v. Amisy, 254 So. 3d 384 (Fla. 3d DCA 2018).[1]

On May 31, 2018, Armand, through counsel, filed a second motion to dismiss Amisy's counter-petition alleging the court lacked subject matter jurisdiction because the parties were divorced in Haiti. Armand's counsel later withdrew. Armand then filed a pro se verified petition to domesticate and enforce the Haitian divorce decree and a renewed motion to dismiss re-

---

[1] Our denial of Armand's prohibition petition in an unelaborated order is not a decision on the merits barring consideration of the issues raised in the proceedings. See Topps v. State, 865 So. 2d 1253, 1257 (Fla. 2004).

alleging the trial court was divested of subject matter jurisdiction because the parties were already divorced.

Within two weeks after filing the motion to dismiss, Armand e-filed hundreds of other pleadings and forwarded dozens of emails to the court's division email. On August 29, 2018, Amisy moved for an order to show cause alleging abuse of the judicial process. The trial court issued a rule to show cause why Armand should not be precluded from further pro se filings. In his response to the rule to show cause, Armand argued that the parties were divorced in Haiti, notified the court that his August 2018 motion to dismiss remained pending, claimed that his requests for a hearing had gone unanswered and requested that the court resolve the matter of the Haitian divorce. He also asserted that Amisy had previously acknowledged the foreign divorce. The court observed that Armand's response did not address why he should not be sanctioned, but rather reiterated his previous arguments. The court concluded that Armand would continue making frivolous filings and restrained his access to e-filing and the court's division email on October 3, 2018.

The motion to dismiss for lack of subject matter jurisdiction was never set for a hearing or disposed of prior to the trial that occurred on February 19, 2020. Armand, who remained unrepresented throughout the remainder

4

of the proceedings, was not present at the trial. Following the bench trial, the court entered a final judgment granting Amisy's petition, dissolving the marriage, equitably dividing the martial property, and adjudicating alimony, child support and timesharing. Armand filed a motion for rehearing again arguing that the court lacked subject matter jurisdiction and had not ruled on his pending motion to dismiss before trial. The court denied rehearing.

On appeal, Armand argues the court erred by setting the cause for trial before disposing of his motion to dismiss pertaining to the Haitian divorce.[2]

"Subject matter jurisdiction is conferred upon a court by the constitution or by statute and cannot be created by waiver, acquiescence or agreement of the parties." Ruble v. Ruble, 884 So. 2d 150, 152 (Fla. 2d DCA 2004) (citing Chapoteau v. Chapoteau, 659 So. 2d 1381, 1384 (Fla. 3d DCA 1995)). "The lack of subject matter jurisdiction can be raised as a defense at any time . . . ." Id. (citing Fla. R. Civ. P. 1.140(h)). "A judgment entered by a court which lacks subject matter jurisdiction is void . . . ." McGhee v. Biggs, 974 So. 2d 524, 526 (Fla. 4th DCA 2008).

"[A]s a general rule, . . . the final judgments of courts of a foreign country are subject to recognition and enforcement in this country . . . ."

_____

[2] We do not address Armand's remaining arguments on appeal as they are not necessary to the resolution of this case.

5

Nahar v. Nahar, 656 So. 2d 225, 228 (Fla. 3d DCA 1995) (quoting Cardenas v. Solis, 570 So. 2d 996, 998 (Fla. 3d DCA 1990)). "[A]ny foreign decree should be recognized as a valid judgment, and thus be entitled to comity, where the parties have been given notice and the opportunity to be heard, where the foreign court had original jurisdiction and where the foreign decree does not offend the public policy of the State of Florida." Id. at 229. Where a foreign judgment has previously dissolved the marriage of the parties, the trial court lacks subject matter jurisdiction to enter a final judgment of marital dissolution. See Barnett v. Barnett, 787 So. 2d 946, 946 (Fla. 2d DCA 2001).

On the record before us, it remains undetermined whether the Haitian divorce decree was a valid judgment entitled to comity by the Florida court. Armand had filed the foreign decree, asserted a facially sufficient challenge to subject matter jurisdiction and repeatedly requested a hearing on the matter. We find the court erred in failing to hold a hearing on the motion to dismiss for lack of subject matter jurisdiction. See Scudder v. Scudder, 228 So. 3d 703, 706 (Fla. 2d DCA 2017) ("[T]he denial of Ms. Scudder's challenge to the circuit court's subject matter jurisdiction without affording the parties an evidentiary hearing was error that requires reversal."); Minda v. Minda, 190 So. 3d 1126, 1128 (Fla. 2d DCA 2016) (holding that former wife's motion for relief from default judgment dissolving her marriage in which she

6

challenged the circuit court's subject matter jurisdiction was facially sufficient and remanding "for a formal evidentiary hearing on the motion"); <u>Douglas v. Johnson</u>, 65 So. 3d 605, 606 (Fla. 2d DCA 2011) ("We must reverse and remand for a full evidentiary hearing because the Mother was denied procedural due process—the circuit court did not give her the opportunity to raise and develop the issue of lack of subject matter jurisdiction."); <u>see also</u> § 61.508, Fla. Stat. (2020) ("If a question of existence or exercise of jurisdiction under [the UCCJEA] is raised in a child custody proceeding, the question, upon request of a party, must be given priority on the calendar and handled expeditiously.").

Reversed and remanded.